Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower – Suite 2050
Portland, OR  97201
Telephone:      503.221.0309
Fax No.:          503.242.2457

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS individually and on behalf of all others similarly situated<br><br>Plaintiff,<br><br>v.<br><br>R & R RESTAURANTS, INC dba SASSY'S, an Oregon corporation; STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-00965-YY<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT** |

Defendants R & R Restaurants, Inc. d/b/a Sassy's ("Sassy's"), Stacy Mayhood ("Mayhood"), Ian Hannigan ("Hannigan"), and Frank Faillace ("Faillace") (collectively, "Defendants"), submit the following Answer and Affirmative Defenses in response to Plaintiff's First Amended Complaint:

1.

The allegations in paragraph 1 are legal conclusions, which require no response.

Page 1 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

2.

Defendants admit that Plaintiff contracted with and occasionally performed at Sassy's, located at 927 SE Morrison Street, Portland, Oregon 97214 in 2018 and 2019.  Except as admitted, Defendants deny the allegations in paragraphs 2 and 3.

3.

Plaintiff's contract work as a performing artist is not within the scope of the laws cited in paragraphs 4, 5, 6, or 7 and on that basis, Defendants deny the same.

4.

Defendants admit that Plaintiff was an individual adult resident of the State of Oregon and that she worked as an independent contractor when performing occasionally at Sassy's.  The remaining allegations contained in paragraph 8 are legal conclusions, which require no response.

5.

Defendants admit that Sassy's is located at 927 SE Morrison Street, Portland, Oregon, 97214.  The remaining allegations contained in paragraph 9 are legal conclusions, which require no response.

6.

The allegations contained in paragraph 10 are legal conclusions, which require no response.

7.

Defendants admit that Mayhood assists with managing the bar and facilities at Sassy's and has an ownership interest in the same.  Mayhood's job duties are consistent with those of any manager of a live entertainment venue.  Neither Mayhood, nor any other Defendant or agent of any other Defendant, controlled the manner or means of Plaintiff, or any other performers', contract work.  Except as expressly admitted, Defendants deny the allegations in paragraphs 11 and 12.

Page 2 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

8.

Defendants admit that Hannigan assists with managing the bar and facilities at Sassy's and has an ownership interest in the same.  Hannigan's job duties are consistent with those of any manager of a live entertainment venue.  Neither Hannigan, nor any other Defendant or agent of any other Defendant, controlled the manner or means of Plaintiff, or any other performers', contract work. Except as expressly admitted, Defendants deny the allegations in paragraphs 13 and 14.

9.

Defendants admit that Faillace assists with managing the bar and facilities at Sassy's and has an ownership interest in the same.  Faillace's job duties are consistent with those of any manager of a live entertainment venue.  Neither Faillace, nor any other Defendant or agent of any other Defendant, controlled the manner or means of Plaintiff, or any other performers', contract work.  Except as expressly admitted, Defendants deny the allegations in paragraphs 15 and 16.

10.

To the extent that the allegation against "DOES 2-10" in paragraphs 17 and 18 is legally permissible, then Defendants deny any allegations of unspecified improper conduct by unidentified defendants.

11.

The allegations in paragraphs 19 and 20 are legal conclusions, which require no response.

12.

Defendants admit that during the relevant time period, all performers at Sassy's worked as independent contractors pursuant to express arm's-length agreements negotiated between each relevant party regarding the same.  Defendants deny any factual allegations, and do not respond to legal conclusions, in paragraphs 21, 22, 23, 24, and 25.

Page 3 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

13.

Defendants admit the allegations in paragraphs 26, 27, 28, and 29.

14.

The allegation in paragraph 30 is a legal conclusion, which requires no response.

15.

Defendants admit that during the relevant time period, all performers at Sassy's worked as independent contractors pursuant to express arm's-length agreements negotiated between each party regarding the same. Except as expressly admitted, Defendants deny any other factual allegations, and do not respond to legal conclusions, in paragraph 31.

16.

Defendants deny the allegations in paragraph 32.

17.

As to paragraph 33, Defendants admit that during the relevant time period, Plaintiff occasionally performed at Sassy's.

18.

Plaintiff's work duties are outlined in her Independent Contractor Agreement, attached hereto as **Exhibit A**, the terms of which speak for themselves. Plaintiff's performances at Sassy's were occasional and infrequent. Except as expressly admitted, Defendants deny the remaining allegations and subjective abstract descriptions of Plaintiff's work in paragraphs 34, 35, 36, and 37.

19.

Defendants did not exercise control over the manner or means of its independent contractors' work, including Plaintiff's work, and therefore deny all contrary allegations in paragraphs 38, 39, 40, 41, 42, 43, 44, and 45.

Page 4 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

20.

As to the allegations in paragraph 46, Plaintiff's compensation was set pursuant to her Independent Contractor Agreement, attached hereto as **Exhibit A**, the terms of which speak for themselves.

21.

Defendants deny the allegations in paragraph 47.

22.

Defendants deny any factual allegations, and do not respond to the legal conclusions, in paragraph 48.

23.

Defendants deny the allegation in paragraph 49.

24.

Defendants admit they assumed all the reasonable and necessary aspects of operating a live entertainment venue featuring live performances from artists, including advertising, maintenance, infrastructure, and ensuring a safe and secure experience for its performers and customers.  Except as admitted, Defendants deny the allegations in paragraphs 50, 51, and 52.

25.

Defendants deny the allegation in paragraph 53.

26.

With respect to the allegations in paragraphs 54 and 55, Defendants admit that Sassy's is a live entertainment venue.  Other abstract and subjective characterizations of Defendants' business model are matters of opinion that can neither be admitted nor denied.

Page 5 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

27.

With respect to paragraph 56, Defendants admit that, as is consistent with other live performance venues, performers are not always required to have managerial skills.

28.

Defendants deny the allegations in paragraphs 57, 58, 59, and 60.

29.

Defendants deny any obligation to pay Plaintiff except as agreed to in the Independent Contractor Agreement, attached hereto as **Exhibit A**.  Defendants deny, or are without sufficient knowledge to answer, the remaining allegations in paragraph 61.

30.

Each performer at Sassy's has an individual independent contract agreement, and the terms of their contract work were governed by each individual independent contractor agreement. Sassy's did not control the means or methods of how the performers completed their work.  Except as expressly admitted, Defendants deny the allegations, and do not respond to the legal conclusions, in paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, and 79.

31.

Defendants admit they informed Plaintiff she could no longer perform at Dante's on or around July 19, 2021.  Defendants deny the remaining factual allegations, and do not respond to the legal conclusions, in Paragraph 80.

32.

Each performer at Sassy's has an individual independent contract agreement, and the terms of their contract work were governed by each individual independent contractor agreement. Sassy's did not control the means or methods of how the performers completed their work.  Except as expressly admitted, Defendants deny the allegations, and do not respond to the legal conclusions, in paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99,

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, and 131.

33.

No response of Defendants is required to paragraph 132.

34.

Defendants admit they informed Plaintiff she could no longer perform at Dante's on or around July 19, 2021.  Defendants deny the remaining factual allegations in paragraph 133.

35.

Defendants deny the factual allegations, and do not respond to the legal conclusions, in paragraphs 134, 135, and 136.

36.

No response of Defendants is required to paragraph 137.

37.

Defendants admit they informed Plaintiff she could no longer perform at Dante's on or around July 19, 2021.  Defendants deny the remaining factual allegations in paragraph 138.

38.

Defendants deny the factual allegations, and do not respond to the legal conclusions, in paragraphs 139, 140, 141, 142, and 143.

39.

No response of Defendants is required to paragraph 144.

40.

Defendants admit they informed Plaintiff she could no longer perform at Dante's on or around July 19, 2021.  Defendants deny the remaining factual allegations in paragraph 145.

41.

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

Defendants deny the factual allegations, and do not respond to the legal conclusions, in paragraphs 146, 147, 148, 149, and 150.

Except as expressly admitted, Defendants deny the remainder of Plaintiff's First Amended Complaint in whole thereof.  By way of further answer to Plaintiff's First Amended Complaint, but without assuming Plaintiff's burden of proof, Defendants offer the following affirmative and additional defenses.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

42.

Plaintiff and the FLSA Collective Members fail to state a claim for which relief can be granted against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

43.

Plaintiff's claims are barred by the doctrine of equitable estoppel because Plaintiff represented that she was an independent contractor by entering into the Independent Contractor Agreement (*see* **Exhibit A**) with the intent to initiate a civil action under the Fair Labor Standards Act for damages and penalties due to allegedly being misclassified as an independent contractor. Defendants were ignorant of Plaintiff's true intention, were induced into entering into the Independent Contractor Agreement with Plaintiff, and reasonably relied on the Independent Contractor Agreement in all commercial dealings with Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands/Bad Faith)

44.

Page 8 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

Plaintiff's claims and damages are barred or limited due to her unclean hands in agreeing to enter into an Independent Contractor Agreement only to initiate this civil action thereafter in an attempt to obtain damages and penalties based on her claim that she was actually an employee, not an independent contractor as she agreed to in writing.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith/Legitimate Business Interests)

45.

Defendants' actions, with respect to the allegations contained in Plaintiff's First Amended Complaint, were undertaken in good faith and justified by legitimate business motives, purposes, and reasons with the absence of intent to injure Plaintiff or the FLSA Collective Members, and constituted lawful, proper, and justified activities.

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff's Own Conduct)

46.

Plaintiff's own deliberate, willful, and/or negligent actions proximately caused or contributed to some or all of the wage omissions alleged, as she voluntarily entered into the Independent Contractor Agreement (see **Exhibit A**) on her own accord. To the extent, if any, that Plaintiff suffered damages, Plaintiff's own actions proximately caused such damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

47.

Plaintiff entered into the Independent Contract Agreement with Defendants, the recitals of which provide in part that Plaintiff "is an independent contractor with respect to [Sassy's] and is not an employee of [Sassy's]." *See* **Exhibit A**, at 1.

48.

Page 9 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

Plaintiff also agreed to Section 4 of the Independent Contract Agreement, which provides that Plaintiff "understands that [ ]she will receive no compensation from [Sassy's], but may retain any tips gained as a direct result of [ ]her performance. [Plaintiff] understands that employment benefits are not provided under the terms of this Agreement and that all costs for health care insurance, worker's compensation insurance, and pension benefits will be [the] responsibility of [Plaintiff. Sassy's] shall have no responsibility for paying payroll taxes of any kind, nor of withholding any taxes for any payment or tips earned by [Plaintiff]." *See* **Exhibit A**, at 2.

49.

By entering into the Independent Contractor Agreement (see **Exhibit A**), working as an independent contractor for Defendants, retaining the tips she earned while working as an independent contractor for Defendants, and subsequently bringing this civil action for damages and penalties under the guise that she was an employee of Defendants and not an independent contractor, Plaintiff breached the Independent Contractor Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Independent Contractor Status)

50.

Plaintiff's First Amended First Amended Complaint and each claim for relief therein are barred because neither Plaintiff nor the FLSA Collective Members were employees of Defendants, but rather, were independent contractors at all times relevant to this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

51.

Plaintiff is barred by the doctrine of laches from pursuing any of the remedies sought in her First Amended Complaint because Plaintiff, having notice of the facts constituting the basis of

Page 10 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

the alleged causes of action, nevertheless delayed institution of this lawsuit, and such delay has worked to the disadvantage and prejudice of Defendants.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

52.

Plaintiff and the FLSA Collective Members lack standing as independent contractors and as willful deliberate participants to the contracts which they signed to bring the claims asserted in this action against Defendants.

## TENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

53.

The claims of Plaintiff and the FLSA Collective Members are barred by the applicable statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intentional / Negligent Spoliation)

54.

Plaintiff negligently or deliberately failed to keep records that would have definitively demonstrated that she worked only on an occasional basis and was not subject to any improper tip appropriation.  Plaintiff further did not keep proper tax records of alleged earnings that would account for her alleged hours worked.  Finally, Plaintiff is the only person that would know how much, or when, she tipped other workers at Sassy's and she either kept no such record, or did not adequately preserve that record.

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

Page 11 – DEFENDANTS' ANSWER AND AFFIRMATIVE
DEFENSES TO FIRST AMENDED COMPLAINT

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

55.

By Plaintiff's own acts and conduct by signing the Independent Contractor Agreement (see **Exhibit A**), supporting her role as an independent contractor and continuing to work and perform as an independent contractor after filing this lawsuit, she has waived the rights asserted in the First Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

56.

The damages allegedly sustained by Plaintiff and/or the FLSA Collective Members must be offset in whole or in part by amounts already collected by Plaintiffs and/or the FLSA Collective Members and/or owing to, and damages suffered by, Defendants.

## REQUEST FOR ATTORNEYS' FEES AND COSTS

57.

Defendants intend to seek recovery of its reasonable attorneys' fees pursuant to Section 11 of the Independent Contractor Agreement.  *See* **Exhibit A**, at 3.


WHEREFORE, having fully answered Plaintiff's First Amended Complaint with its Answer and Affirmative Defenses, Defendants pray for judgment in their favor dismissing the First Amended Complaint in its entirety and granting Defendants their costs and disbursements herein, their reasonable attorneys' fees, and expenses pursuant to Section 11 of the Independent Contractor Agreement.  Pursuant to 28 U.S.C. § 1927, Defendants request that the Court require Plaintiff's counsel to satisfy the excess costs, expenses, and fees reasonably incurred because of conduct which unreasonably and vexatiously multiplied proceedings.

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309

DATED this 7th day of September, 2021.

LITTLER MENDELSON P.C.

By  */s/ Anthony D. Kuchulis*
Anthony D. Kuchulis, OSB No.  083891
akuchulis@litttler.com

Attorneys for Defendant

LITTLER MENDELSON, PC
1300 SW Fifth Ave., Suite 2050
Portland, OR  97201
Tel: 503.221.0309