S. Amanda Marshall – OSB No. 953473
**S. AMANDA MARSHALL, LLC**
1318 NW Northrup Street
Portland, OR 97209
Phone: (503) 472-7190
*amanda@maclaw.law*

Jesenia A. Martinez – Cal. Bar No. 316969
(*Pro Hac Vice*)
**KRISTENSEN LLP**
12540 Beatrice Street, Ste. 200
Los Angeles, CA 90066
Phone: (310) 507-7924
*jesenia@kristensenlaw.com*

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS individually and on behalf of all others similarly situated,<br><br>Plaintiff<br><br>v.<br><br>R & R RESTAURANTS, INC dba SASSY'S, an Oregon corporation; STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No.: 3:21-cv-00965-YY<br><br>**COLLECTIVE ACTION**<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)** |

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................................................1

II. DISCUSSION .........................................................................................................................2

    A. **Plaintiff and the Putative Collective Are Similarly Situated** ..........................2

        i. The First Stage of Collective Certification is Lenient and There is Sufficient Evidence to Certify the Collective ...........................................2

        ii. Plaintiff's Three Separate Individual Claims Against Defendants Do Not Detract from the Collective Claims in this Action.......................4

        iii. There is No Need for an Individualized Inquiry at this Stage ..................5

        iv. Defendants' Lack of Standing Argument is Premature and Unsupported...................................................................................................6

        v. Plaintiff Has Alleged Willfulness on the Part of Defendants, and the Statute of Limitations is therefore Three Years .................................8

    B. **The Court Should Toll the Statute of Limitations** ...........................................9

    C. **The Proposed Notice is Reasonable and In Line with Other District Court Orders Granting Notice** ........................................................................10

        i. Notice Should Not Require Recipients to Know the Legal Distinctions between an Employee and Independent Contractor ...........10

        ii. The Parties Should Not Have to Meet and Confer on the Proposed Notice ..........................................................................................................10

        iii. Notice Should be Issued via U.S. Mail, Email, and Text Message ........11

        iv. A 90-Day Notice Period is Reasonable ...................................................11

        v. Notice Should be Posted in a Public Setting so as to Ensure Compliance on the Part of Defendants ..................................................12

III. CONCLUSION ...................................................................................................................13

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B)

PAGE i

# **TABLE OF AUTHORITIES**

**Cases**

*Adams v. Inter-Con Sec. Sys., Inc.*,
    242 F.R.D. 530 (N.D. Cal. 2007) ................................................................................. 8

*Aguiar v. M.J. Peter & Associates, Inc., et al.*,
    20-CIV-60198-RAR (S.D. Fla. Sep. 10, 2020) .................................................... 9, 11, 12

*Benson v. W. Coast Const.*,
    No. C06-1630RSM, 2007 WL 445456 (W.D. Wash. Feb. 6, 2007) ............................. 3

*Campbell v. City of Los Angeles*,
    903 F.3d 1090 (9th Cir. 2018) ................................................................................. 1, 2

*Elliott v. QF Circa 37, LLC*,
    No. 16-CV-0288-BAS-AGS, 2017 WL 6389775 (S.D. Cal. Dec. 14, 2017) .................. 7

*Harris v. 68-444 Perez, Inc., et al.*,
    19-2184 JGB (SPx) (E.D. Cal. Apr. 23, 2020) ........................................................ 9, 11

*Hoffmann-La Roche Inc. v. Sperling*,
    493 U.S. 165 (1989) ................................................................................................... 9

*Martin v. Sprint/united Mgmt. Co.*,
    No. 15 Civ. 5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) ............................ 11

*McLaughlin v. Richland Shoe Co.*,
    486 U.S. 128 (1988) ................................................................................................... 8

*Mora v. Stars Planet, Inc., et al.*,
    No. CV 20-414-JFW(JCx) (C.D. Cal. May 29, 2020) .......................................... 11, 12

*Otey v. CrowdFlower, Inc.*,
    No. 12-cv-05524-JST, 2013 WL 4552493 (N.D. Cal. Aug. 27, 2013) ....................... 11

*Rosario v. 11343 Penrose Inc.*,
    No. 2:20-CV-04715-SB-RAO, 2020 WL 8812460 (C.D. Cal. Oct. 26, 2020) ........... 2, 7

*Shakeena Rice v. Mr. T's, Inc., et al.*,
    No. 3:20-cv-8695-TKW-EMT (N.D. Fla. Jan. 22, 2021) ..................................... 11, 12

*Sheffield v. Orius Corp.*,
    211 F.R.D. 411 (D. Or. 2002) .................................................................................... 6

*State ex rel. Roberts v. Acropolis McLoughlin, Inc.*,
    150 Or. App. 180 (1997) ................................................................................................. 5, 6

*Syed v. M-I, L.L.C.*,
    No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966 (E.D. Cal. Nov. 26, 2014) .............. 11

*Torres-Lopez v. May*,
    111 F.3d 633, 641 (9th Cir. 1997) ..................................................................................... 6

*Truehart, et al. v. Dartmouth Clubs, Inc., et al.*,
    No. 1:20-cv-10374-DJC (D. Mass. Oct. 21, 2020) .................................................... 11, 12

*Vanzzini v. Action Meat Distributors, Inc.*,
    995 F. Supp. 2d 703 (S.D. Tex. 2014) ........................................................................... 4, 5

*White v. Lee*,
    227 F.3d 1214 (9th Cir. 2000) ........................................................................................... 7

*White v. Rakhra Mushroom Farm Corp.*,
    No. CV 08-198-SU, 2009 WL 971857 (D. Or. Apr. 8, 2009) .......................................... 2

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................. 1, 13

29 U.S.C. § 255(a) ....................................................................................................................... 8

29 U.S.C. § 256(b) ....................................................................................................................... 9

**Legislation**

Fair Labor Standards Act ("FLSA") .................................................................................. passim

**Rules**

Fed. R. Civ. P. 23 ................................................................................................................ 1, 2, 9

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B)**

**PAGE iii**

COMES NOW plaintiff Zoe Hollis ("Plaintiff"), by and through their[1] undersigned counsel, and hereby files this Reply to Defendants R & R Restaurants, Inc. dba Sassy's, Stacy Mayhood, Ian Hannigan, and Frank Faillace's (collectively, "Defendants") Opposition [Dkt. 24] to Plaintiff's Motion for Conditional Certification and Issuance of Notice Pursuant to Fair Labor Standards, Act, 29 U.S.C. § 216(b) (the "Motion") [Dkt. 23].

<b><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></b>

I. **INTRODUCTION**

Defendants mistakenly believe that the particularized declaration of a named plaintiff attesting to a common scheme at Defendants' club, Sassy's, and the fully fleshed-out allegations of the First Amended Complaint [Dkt. 16] are insufficient evidence to issue notice pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA"). Not only does Plaintiff make substantial allegations that they and the putative class members were together victims of a single decision, policy or plan; those allegations are further supported by the declaration of defendant Frank Faillace ("Faillace") [Dkt. 26] and the Independent Contractor Agreement [Dkt. 20-1] which demonstrate that all exotic dancers at Sassy's were subject to similar policies and practices regarding compensation and control of their work performance. As is clear from the record, Plaintiffs easily satisfy the lenient standard to conditionally certify this collective and issue notice to individuals who worked as exotic dancers at Sassy's within the last three years. FLSA collectives are distinct from Fed. R. Civ. P. 23 ("Rule 23") class actions and the burden for certification of the former is considerably lower than the latter. *See Campbell v. City of Los Angeles*, 903 F.3d 1090, 1112 (9th Cir. 2018).

Defendants' Opposition to the Motion presents premature arguments and legally incorrect points. Defendants argue that Plaintiff does not share common claims with the putative collective, but completely ignores the four collective action claims they allege in the First

---

[1] Plaintiff utilizes "they/them" pronouns.

Amended Complaint. Furthermore, Defendants argue that conditional certification is not warranted because Plaintiff lacks standing and the employee/independent contractor determination is an individual inquiry. However, both arguments are premature at the early certification stage and, regardless, Defendants provide zero support for either position. Lastly, Defendants' arguments against the proposed notice and tolling period are all unfounded. Numerous district courts have granted similar notice and equitable tolling in nearly identical motions for conditional certification and issuance of notice.

Accordingly, Plaintiff requests that the Court grant their Motion in its entirety.

## II. DISCUSSION

### A. Plaintiff and the Putative Collective Are Similarly Situated

#### i. The First Stage of Collective Certification is Lenient and There is Sufficient Evidence to Certify the Collective

Defendants argue that Plaintiff's sworn declaration is insufficient evidence to support their argument that they are similarly situated with the putative collective. *See* Dkt. 24, pg. 8. However, Defendants' argument here appears willfully ignorant of that fact that, unlike Rule 23 class actions, the bar for certifying FLSA collectives is considerably low. *See Campbell*, 903 F.3d at 1112 ("[t]he limited statutory requirements of a collective action are 'independent of, and unrelated to, the requirements for class action under Rule 23, […] and, by omitting most of the requirements in Rule 23 for class certification, necessarily impose a lesser burden.")(citation omitted))."Under the first tier [of FLSA collective certification], plaintiffs must show only 'substantial allegations that the putative class members were together victims of a single decision, policy or plan.' […] Because courts make this determination 'based on minimal evidence,' typically it does not encompass an in-depth fact specific inquiry into topics such as job duties." *White v. Rakhra Mushroom Farm Corp.*, No. CV 08-198-SU, 2009 WL 971857, at *4 (D. Or. Apr. 8, 2009). A single sworn declaration is sufficient. *See Rosario v. 11343 Penrose Inc.*, No. 2:20-CV-04715-SB-RAO, 2020 WL 8812460, at *3–5 (C.D. Cal. Oct. 26, 2020)

(named plaintiff's single declaration was sufficient evidence to conditionally certify collective of exotic dancers alleging misclassification as independent contractors.)

Defendants only cite to one case to support their position here, *Benson v. W. Coast Const.*, No. C06-1630RSM, 2007 WL 445456 (W.D. Wash. Feb. 6, 2007). However, *Benson* is clearly distinguishable from the present case. In *Benson*, plaintiff was a former hourly construction laborer seeking to certify a collective in pursuit of overtime compensation. *Benson*, 2007 WL 445456 at *1. Here, Plaintiff and the putative collective are current and former exotic dancers who were not paid hourly, were deprived full payment of their tips, and were required to subsidize Defendant's club and pay to work. Furthermore, unlike *Benson*, Plaintiff's declaration is not "rife with hearsay." *See id.* at *2. Plaintiff does not state that other dancers at Sassy's worked in excess of 40 hours per week, but instead gives particularized statements of the conditions at Sassy's based upon their own personal experiences which are common among the putative collective. *See* Dkt. 23-1, generally.

Interestingly, Defendants themselves provide supplemental evidence demonstrating that all current and former dancers where subject to similar policies and practices pertaining to their work at Sassy's. Defendant Frank Faillace states in his declaration that "Sassy's enters into express independent contractor agreements with performers who successfully audition." Dkt. 26, pg. 2, ¶ 4. Thus, it appears undisputed that exotic dancers at Defendants' club were subject to similar compensation policies and rules regarding their work. Plaintiff's declaration actually conforms to many of the work conditions that Defendants admit to have placed on their exotic dancers, pursuant to the independent contractor agreements:

| **Independent Contractor Agreement** [Dkt. 20-1] | **Zoe Hollis Declaration** [Dkt. 23-1] |
|---|---|
| Pg. 2 - Independent Contractor understands that he/she will receive no compensation from Company, but may retain any tips gained as a direct result of his/her performance | ¶ 4 - I was not paid hourly for my work at Sassy's. Instead, I retained a portion of the customer gratuities and tips. |
| Pg. 5 - Stage fees are $2 open, $5 mid, $ 10 close | ¶ 5 - I was required to pay Defendants approximately $2 - $10 in house fees for every shift I worked. |

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION &     PAGE 3
ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. §
216(B)

| | |
|---|---|
| Pg. 6 - Please tip staff no minimum no maximum | ¶ 10 - I was expected to tip out other employees including DJs, bouncers, bar staff, and waitstaff. Management expected all dancers/entertainers to tip out other employees. |
| Pg. 5 - No street shoes or slippers; Always have a positive :) attitude on and off stage; Tease first song, top off second song, bottoms off last song; Please no clowning on stage. | ¶ 11 - Defendants also exercised a great deal of control over how I and all other dancer/entertainers performed. |
| Pg. 7 - Please be on stage on time and get off stage promptly after your last song | ¶ 12 - Sassy's offered stage dances to its customers and all dancers were required to perform stage dances as part of their work at the club. |
| Pg. 5 - You are expected to be on time and work your entire shift | ¶ 14 - Dancers were required to complete their entire shift for any particular day they were scheduled to work. If they did not complete the shift, they were subject to discipline. |

    ii.  Plaintiff's Three Separate Individual Claims Against Defendants Do Not Detract from the Collective Claims in this Action

  Defendants argue that Plaintiff is not similarly situated to the putative FLSA collective because, in addition to their four collective claims, they raise three individual retaliation claims. *See* Dkt. 24, pgs. 5-6. While the First Amended Complaint raises three individual retaliation claims against Defendants, it also raises four **collective** claims stemming from Defendant's improper classification of its dancers as independent contractors: 1) Failure to Pay Minimum Wages, 29 U.S.C. § 206; 2) Illegal Kickbacks, 29 C.F.R. § 531.35; 3) Unlawful Taking of Tips, 29 U.S.C. § 203; and 4) Forced Tip Sharing, 29 C.F.R. § 531.35. *See* Dkt. 16. Therefore, there are clearly shared claims upon which Plaintiff and the putative collective are similarly situated.

  Defendants appear to argue that Plaintiff can only seek conditional certification of a collective if the claims in the operative complaint are *exclusively* collective. However, Defendants provide no authority to support this position. Defendants cite *Vanzzini v. Action Meat Distributors, Inc.*, 995 F. Supp. 2d 703, 723 (S.D. Tex. 2014). However, *Vanzzini* did not hold that putative collective members must have exclusively identical claims in order to join the case. *Vanzzini* was an FLSA case brought by drivers and other employees of a meat distribution

company seeking overtime compensation. *See Vanzzini*, 995 F. Supp. 2d at 709–10. There, the Court decertified the collective because it comprised of individuals at the company with different jobs (driver vs. puller), different duties (driving trucks vs. packing the trucks) and different methods of payment (by the trip vs. by the hour). *See id.* at 722-723. It was ultimately these distinctions which led the court to decertify the collective, not whether one of the plaintiffs had a few individual claims not shared by the others. *Vanzzini*, is a far cry from the current proposed collective which seeks conditional certification in a case with one job position (exotic dancer), at a single business location (Sassy's), with the same job duties (exotic dancing), working under the same management (Defendants), and subject to the same unlawful policies of misclassification and absconding of tips. *See* Dkt. 16, generally.

It is perfectly appropriate for Plaintiff to pursue their individual retaliation claims along with the collective FLSA claims; they all stem from the same factual occurrences during Plaintiff's time working as an exotic dancer at Sassy's. Plaintiff's individual retaliation claims arose because Defendants barred them from working at their other gentlemen's club after Plaintiff filed the present action. As is clear from the operative complaint and the present Motion, Plaintiff does not seek to certify a collective on their individual claims, but instead on those collective claims in the First Amended Complaint which are clearly identified as such. *See* Dkt. 16, pgs. 16-21, ¶¶ 99-135. Accordingly, the Court should certify the collective.

        iii.    There is No Need for an Individualized Inquiry at this Stage

Defendants rely on one single, over 20-year old, state appellate court ruling to support their argument that the determination of whether exotic dancers are employees of their respective clubs under the FLSA is an individualized inquiry. The lack of legal support here is deafening.

Defendants rely on *State ex rel. Roberts v. Acropolis McLoughlin, Inc.,* 150 Or. App. 180 (1997). However, *Acropolis* did not hold that the FLSA barred certification of a collective action of exotic dancers because of the prior need for an individualized inquiry into their employment status. *Acropolis* did not deal with FLSA claims at all. Also, *Acropolis* was decided over 20

years ago. As demonstrated in Plaintiff's Motion, since *Acropolis*, dozens of federal district and appellate courts throughout the country, including the Ninth Circuit, have held that exotic dancers are employees of their respective clubs as a matter of law and have conditionally certified collectives in nearly identical FLSA actions. *See* Dkt. 23, pgs. 12, 14-15. Put simply, *Acropolis* does not, either explicitly, or through implication, assert that the proposed collective here should not be certified.

Defendants also cite to *Torres-Lopez v. May*, 111 F.3d 633, 641 (9th Cir. 1997). However, *Torres-Lopez* only affirms that the economic realities test is the proper legal analysis for determining whether an individual is an employee under the FLSA. That is not at dispute here, and *Torres-Lopez* does not say that a collective cannot be certified because of the economic realities test. *See id.* Defendants also quote *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 413 (D. Or. 2002) for the proposition that "an action dominated by issues particular to individual plaintiffs [cannot] be administered efficiently because individual issues predominate over collective concerns." *Sheffield*, 211 F.R.D. at 413. However, Defendants merely quote from the case order's "standards" section and do not engage in any meaningful case comparison. *Sheffield* is distinguishable from the present case in that *Sheffield* denied certification because the "class members held different job titles, enjoyed different payment structures (piece-rate, hourly, and salaried), and worked at nine different job sites." *Id.* at 413. Here, Plaintiff and the putative collective were all exotic dancers who worked at the same club, Sassy's, and were subject to the same pay policies and working conditions. The distinction is apparent.

As Defendants cannot point to a single case in which a court declined to certify a dancer collective on "individualized inquiry" grounds, they have provided zero support for this position and their argument should be wholly rejected.

            iv.    <u>Defendants' Lack of Standing Argument is Premature and Unsupported</u>

Defendants argue that, even if Plaintiff is deemed to be an employee they would be required to report their income and pay back taxes such that "any income Plaintiff earned may

likely be solely the property of the IRS." Dkt. 24, pgs. 10-11. Thus, according to Defendants, Plaintiff would not have suffered an injury in fact and would lack Article III standing to sue. *See id.* However, this is purely speculative on the part of the Defendants. No discovery have been conducted on the amount Plaintiff has been deprived in wages, tips, and other payments. Also, Defendants do not even actually assert that Plaintiff would receive no monetary benefit from this action, merely that Plaintiff's earning "**may** likely be solely the property of the IRS." *Id.* (emphasis added). Such a determination is premature at this stage and is clearly preceded by the need to conditionally certify a collective early on in the case. *See Rosario,* 2020 WL 8812460, at *5 ("[t]o the extent that Plaintiff's actual employment history is in dispute, the validity of her individual claim—specifically her standing to bring a claim at all—is not a question to be conclusively resolved at this time.").

Furthermore, the proper vehicle for challenging Plaintiff's lack of standing would be a Fed. R. Civ. P. 12(b)(1) motion to dismiss. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *see also Elliott v. QF Circa 37, LLC*, No. 16-CV-0288-BAS-AGS, 2017 WL 6389775, at fn. 2 (S.D. Cal. Dec. 14, 2017). However, Defendants did not file a motion to dismiss for lack of standing, but instead answered Plaintiff's First Amended Complaint. *See* Dkt. 20. As such, it is impropriate for Defendants to attempt to challenge Plaintiff's standing in their Opposition to the present Motion. Regardless, to the extent that Defendants attempt to challenge Plaintiff's standing to sue in their Opposition, they present zero evidence as to the total dates and times that Plaintiff worked at Sassy's and there is no basis upon which the Court could definitively conclude that they did not suffer an injury in fact.

Again, as discussed above, whether or not Plaintiff was or was not an employee of Defendants under the FLSA is **not** an inquiry that needs to be resolved at the conditional certification stage. Once the collective is certified and putative plaintiffs are given the opportunity to opt-in, discovery will progress and Defendants will be free to file a motion to decertify the collective, or to dismiss the claims. Furthermore, both parties will be free to file

motions for summary judgement as to whether the plaintiffs were employees as a matter of law. As the cases cited by Plaintiff in their Motion demonstrate, the vast majority of district courts, particularly within the Ninth Circuit, agree that exotic dancers are employees as a matter of law and Plaintiff is very confident they will succeed in their anticipated motion for summary judgment. *See* Dkt. 23, pgs. 12, 14-15.

> v. <u>Plaintiff Has Alleged Willfulness on the Part of Defendants, and the Statute of Limitations is therefore Three Years</u>

Defendants argue that Plaintiff cannot be similarly situated to the putative collective because "Plaintiff last performed at Sassy's on March 3, 2019, but Plaintiff filed this action on June 28, 2021—more than two years after their last performance." Dkt. 24, pg. 12. However, Defendants neglect that if the alleged FLSA violations are willful, the statute of limitations is extended to three years. *See* 29 U.S.C. § 255(a). Willfulness pursuant to section 255(a) can be shown with evidence that the "employer either knew or showed reckless disregard [as to] whether its conduct was prohibited by statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 134 (1988). In the First Amended Complaint, plaintiff makes multiple allegations of willful misconduct on the part of the Defendants. *See* Dkt. 16, ¶¶ 2, 35, 103, 123, 124. Therefore, the claims pursued in this collective action extend back three years, not two.

Contrary to Defendants' assertions, the Court is not required to make a determination of willfulness before certifying an FLSA collective. *See Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 542 (N.D. Cal. 2007) ("the court will not make a determination of willfulness at this early stage and declines to limit the scope of notice to officers employed in the last two years."); *Woods v. Vector Mktg. Corp.*, No. C-14-0264, 2015 WL 5188682, at *8 (N.D. Cal. Sept. 4, 2015) (("[T]he Court finds that it is far more appropriate to determine the 'willfulness' issue at an adjudicating stage rather than at the certification stage, where the Court's task is far more circumscribed, and limited to determining simply whether an FLSA action should proceed on a collective basis.") (citations omitted)); *Alvarez v. IBP, Inc.*, 339 F.3d 894, 908 (9th Cir.

PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION & ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(B)

PAGE 8

2003), *aff'd*, 546 U.S. 21, 126 S. Ct. 514, 163 L. Ed. 2d 288 (2005) (holding that the determination of willfulness is a mixed question of law and fact.).

Also, it is very telling that Defendants cannot point to a single case which supports the argument that conditional certification cannot proceed until the named plaintiff proves that Defendants' misconduct was willful. Such a stringent requirement would essentially prohibit any collective certification prior to summary judgment or trial. As discussed in Plaintiffs' Motion, notice is intended to issue early in the life of a collective action in order to establish the contours of the action and to further the broad remedial purpose of the FLSA. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 172 (1989) (discussing importance of early notice in collective actions in order to "ascertain[] the contours of the action at the outset"). Unlike Rule 23 class actions, the two-year statute of limitations (extended to three years on a finding of willfulness) under the FLSA is not tolled for putative collective members upon the filing of the complaint. *S* 29 U.S.C. § 256(b). This is precisely why the early issuance of notice is preferred and why courts employ a lenient first-stage standard to demonstrate that the plaintiffs are similarly situated.

To the extent that Defendants claim that Plaintiff must definitively establish an element of her claims in order to certify this collective, they offer no support for such a position.

### B.      The Court Should Toll the Statute of Limitations

The Court should toll the statute of limitations during the notice period to ensure the putative plaintiffs' claims do not expire. As discussed above, the statute of limitations (extended under the FLSA is not tolled for putative collective members and will continue to run until they opt in. *See* 29 U.S.C. § 256(b) Legal claims should be resolved on their merits—especially claims that implicate important public policies, like the FLSA claims in this case. Other courts have tolled the statute of limitations during the notice period in exotic dancer cases. *See* Dkt. 23-3, Ex. 3, *Aguiar v. M.J. Peter & Associates, Inc., et al.*, 20-CIV-60198-RAR (S.D. Fla. Sep. 10, 2020); Dkt. 23-3, Ex. 6, *Harris v. 68-444 Perez, Inc., et al.*, 19-2184 JGB (SPx) (E.D. Cal. Apr. 23, 2020).

### C. The Proposed Notice is Reasonable and In Line with Other District Court Orders Granting Notice

Defendants take various issues with the proposed notice submitted concurrently with the Motion [Dkt. 23-2, Ex. 1]. Plaintiff addresses each argument as follows:

#### i. Notice Should Not Require Recipients to Know the Legal Distinctions between an Employee and Independent Contractor

Defendants argue that the proposed notice "should […] alert the performers to contact Plaintiff's counsel should they believe that Defendants have indeed misclassified them as independent contractors." Dkt. 24, pg. 16. First, it is unclear what Defendants are even suggesting the Court do to modify the notice here. Defendants do not submit any alternative language as to the proposed notice. From a simple reading of the opposition, it appears that Defendants want the notice to state that the putative collective members should only contact Plaintiffs' counsel if they believe that they have been misclassified as independent contractors. *See id.* However, such a notice would require putative plaintiffs, current and former exotic dancers, to have a lawyer's level of knowledge of the legal distinction between an employee and an independent contractor in the FLSA context. Adding such language to the notice would only serve to intimidate and confuse potential opt-in plaintiffs from pursuing their FLSA claims.

#### ii. The Parties Should Not Have to Meet and Confer on the Proposed Notice

Furthermore, the Court should not require the parties to meet and confer on mutually agreeable language. The parties already met and conferred on the present Motion on August 25, 2021. *See* Dkt. 23, pg. 8. To the extent that Defendants take issue with any aspect of the proposed notice, they have made their position clear through this Opposition. The Court has been adequately informed of the parties' views on the proposed notice and is free modify it if necessary. There is no need to meet and confer again.

///

///

### iii. Notice Should be Issued via U.S. Mail, Email, and Text Message

In order to facilitate notice, Defendants should be ordered to produce the telephone numbers, address, and driver's licenses for all current and former dancers at Sassy's within the last three years. Numerous district courts have sanctioned notice to potential FLSA opt in plaintiffs via U.S. mail, email, and text message. *See Syed v. M-I, L.L.C.*, No. 1:12-CV-1718 AWI MJS, 2014 WL 6685966, at *8 (E.D. Cal. Nov. 26, 2014); *Otey v. CrowdFlower, Inc.*, No. 12-cv-05524-JST, 2013 WL 4552493, at *5 (N.D. Cal. Aug. 27, 2013); *Martin v. Sprint/united Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016); *See* Dkt. 23-2, Ex. 3, pg. 15, *Aguiar*, No. 20-CIV-60198-RAR (S.D. Fla. Sep. 10, 2020); Dkt. 23-2, Ex. 7, pg. 57, *Mora v. Stars Planet, Inc., et al.*, No. CV 20-414-JFW(JCx) (C.D. Cal. May 29, 2020); Dkt. 23-2, Ex. 8, pg. 60, *Truehart, et al. v. Dartmouth Clubs, Inc., et al.*, No. 1:20-cv-10374-DJC (D. Mass. Oct. 21, 2020). Further, dancers regularly move addresses and thus limiting notice to the physical address that may be years old would not provide adequate notice. By contrast email addresses and phone numbers are not so regularly changed would provide for the best notice practicable to ensure that as many collective members received notice so that they may be informed of their rights under the FLSA.

### iv. A 90-Day Notice Period is Reasonable

Furthermore, a 90-day notice period is reasonable and has been granted in similar motions for conditional certification of exotic dancer collectives. *See* Dkt. 23-2, Ex. 3, pg. 15, *Aguiar*, No. 20-CIV-60198-RAR (S.D. Fla. Sep. 10, 2020); 23-2, Ex. 4, pg. 24, *Shakeena Rice v. Mr. T's, Inc., et al.*, No. 3:20-cv-8695-TKW-EMT (N.D. Fla. Jan. 22, 2021); Dkt. 23-2, Ex. 6, pg. 54, *Harris v. 68-444 Perez, Inc., et al.*, No. 19-2184 JGB (SPx) (E.D. Cal. Apr. 23, 2020); Dkt. 23-2, Ex. 7, pg. 57, *Mora*, No. CV 20-414-JFW(JCx) (C.D. Cal. May 29, 2020); Dkt. 23-2, Ex. 8, pg. 60, *Truehart*, No. 1:20-cv-10374-DJC (D. Mass. Oct. 21, 2020). As discussed above, exotic dancers regularly move addresses and the 90-day notice period will better ensure that putative members can be located and provided with notice.

v. <u>Notice Should be Posted in a Public Setting so as to Ensure Compliance on the Part of Defendants</u>

Furthermore, Defendants should be required to post notice on their website, social media accounts, dressing rooms, and in a location viewable to the general public. There is strong public policy favoring notice of putative FLSA collective members. It is important that dancers receive this notice and that Defendants not intimidate their dancers or hide from them the existence of the present action. On or around July 19, 2021, defendant Faillace informed Plaintiff that they would no longer be permitted to work at Dante's because of their initiating an action against Defendants. *See* Dkt. 16, pg. 13, ¶ 80. As is made clear from Plaintiff's individual retaliation claims in the First Amended Complaint, there is legitimate concern that Defendants will either retaliate against dancers for choosing to opt-in or make deliberate efforts to prevent them from learning about the case in the first place. By allowing notice to be posted in a public space, it will ensure that potential plaintiffs are given an opportunity to learn about the case and that Defendants will not try to prevent dancers from joining behind closed doors. Other district courts have allowed notice to be issued in a defendant gentlemen's club's dressing room, website, and entrances. *See* Dkt. 23-2, Ex. 3, pg. 15, *Aguiar*, No. 20-CIV-60198-RAR (S.D. Fla. Sep. 10, 2020); 23-2, Ex. 4, pg. 23, *Rice*, No. 3:20-cv-8695-TKW-EMT (N.D. Fla. Jan. 22, 2021); Dkt. 23-2, Ex. 7, pg. 57, *Mora*, No. CV 20-414-JFW(JCx) (C.D. Cal. May 29, 2020); Dkt. 23-2, Ex. 8, pg. 60, *Truehart*, No. 1:20-cv-10374-DJC (D. Mass. Oct. 21, 2020).

///

///

///

///

///

///

///

## III. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests that the Court enter an order conditionally certifying this matter for notice pursuant to 29 U.S.C. § 216(b) of the FLSA, that notice as described above be conducted, and that the statute of limitations be tolled for opt-in plaintiffs during the notice period.

Dated: October 18, 2021                     Respectfully submitted,

/s/ Jesenia A. Martinez
Jesenia A. Martinez
Cal. Bar No. 316969
(*Pro Hac Vice*)
**KRISTENSEN LLP**
12540 Beatrice Street, Suite 200
Los Angeles, California 90066
Phone: (310) 507-7924
*jesenia@kristensenlaw.com*

S. Amanda Marshall
OSB No. 953473
**S. AMANDA MARSHALL, LLC**
1318 NW Northrup Street
Portland, Oregon 97209
Phone: (503) 472-7190
*amanda@maclaw.law*

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on Monday, October 18, 2021 a true and correct copy of the attached **PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE PURSUANT TO FAIR LABOR STANDARDS ACT, 29 U.S.C. § 216(b)** was served via CM/ECF upon the following parties pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Anthony Kuchulis
**LITTLE MENDELSON P.C.**
1300 SW 5th Avenue, Suite 2050
Portland, Oregon 97201
Email: akuchulis@littler.com
Email: sarney@littler.com

*Counsel for Defendants*

*/s/ Jesenia A. Martinez*
Jesenia A. Martinez