UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ZOE HOLLIS, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

R & R RESTAURANTS, INC dba SASSY'S, an Oregon corporation; STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 1 through 10, inclusive,

    Defendants.

Case No. 3:21-cv-00965-YY

FINDINGS AND RECOMMENDATIONS

YOU, Magistrate Judge.

**FINDINGS**

    Plaintiff Zoe Hollis brings this putative collective action against defendants R & R Restaurants, Inc. dba Sassy's, Stacy Mayhood, Ian Hannigan, Frank Faillace, and Does 1-10 (collectively "defendants"), alleging violations of the federal Fair Labor Standards Act ("FLSA"). Compl., ECF 1. This court has federal question jurisdiction over plaintiff's claims. *See* 28 U.S.C. § 1331.

    Plaintiff seeks equitable tolling of the FLSA's statute of limitations for potential members to join the collective action. Mot., ECF 23. For the reasons stated below, plaintiff's request for

1 – FINDINGS AND RECOMMENDATIONS

equitable tolling should be GRANTED, but only for the period of time between October 18, 2021, and the date that notice is issued to potential collective action members.

In her motion, plaintiff also seeks conditional certification of the collective action under 29 U.S.C. § 216(b) and approval of the issuance of a notice to potential collective action members inviting them to opt in. Because a motion to conditionally certify a collective action pursuant to 29 U.S.C. § 216(b) is not a dispositive motion, it will be addressed in a separate decision.

I.     **Legal Framework**

Unlike class action claims brought under Federal Rule of Civil Procedure 23, the statute of limitations for collective action suits under the FLSA is not automatically tolled for potential members upon the filing of the complaint. 29 U.S.C. § 256(b). Instead, the statute of limitations continues to run for any putative plaintiff until the plaintiff consents to opting into the collective action in writing. *Id.* Under the FLSA, the statute of limitations for filing a claim is two years, or three years if the violation was "willful." 29 U.S.C. § 255(a).

Nevertheless, the principle of equitable tolling, which extends the length of an applicable limitations period, is available for FLSA collective action suits. *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1051 (9th Cir. 2008); *see, e.g.*, *Partlow v. Jewish Orphans' Home of S. California, Inc.*, 645 F.2d 757, 760 (9th Cir. 1981) (*abrogated on other grounds by Hoffmann-La Roche Inc.*, 493 U.S. 165 (1989)). In general, "[e]quitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant or when extraordinary circumstances beyond a plaintiff's control made it impossible to file a claim on time." *Veliz v. Cintas Corp.*, No. C03-1180 SBA, 2007 WL 841776, at *4 (N.D. Cal. Mar. 20, 2007) (citing *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)).

**II.     Analysis**

Plaintiff moves the court to equitably toll the statute of limitations for all potential opt-in members "from the time this matter is conditionally certified to the end of the Notice periods." Mot. 15, ECF 23. Defendants argue that plaintiff's request to toll the statute of limitations is "based on nothing more than the axiomatic statement that, without tolling, 'numerous potential collective members will lose their claims due to nothing more than the passage of time.'" Opp. 13, ECF 24 (quoting Mot. 21, ECF 23). In response, plaintiff suggests that the court should still equitably toll the statute of limitations as a matter of public policy to allow the legal claims "to be resolved on their merits." Reply 9, ECF 27.

Even where no party has engaged in wrongful conduct, the course of litigation and discovery in FLSA collective actions "generally function to bar putative opt-in collective plaintiffs from damages they otherwise may have been eligible to receive through no fault of their own." *Chastain*, 2014 WL 3734368, at *12. Thus, "[c]ourts have equitably tolled the statute of limitations in a FLSA action when doing so is in the interest of justice." *Castle v. Wells Fargo Fin., Inc.*, No. C 06-4347 SI, 2007 WL 1105118, at *1–2 (N.D. Cal. Apr. 10, 2007); *see also Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2007 WL 707475, at *8 (N.D. Cal. Mar. 6, 2007) (equitably tolling the FLSA's statute of limitations because of litigation factors beyond the plaintiff's control, including arbitration and settlement of a related action); *Coppernoll v. Hamcor, Inc.*, No. C 16-05936 WHA, 2017 WL 1508853, at *2 (N.D. Cal. Apr. 27, 2017) (equitably tolling the statute of limitations because of a stay in a related case, which prevented plaintiffs from "receiving approval to notice this action to putative class members"); *Koval v. Pacific Bell Telephone Co.*, No. C 12-1627 CW, 2012 WL 3283428, at *7 (N.D. Cal. Aug. 10, 2012) (finding that courts have "applied equitable tolling prospectively where the

court's discretionary case management decisions have led to procedural delay beyond the control of the putative class action members").

Indeed, here, there is one "extraordinary circumstance[ ] beyond" plaintiff's control that makes some amount of equitable tolling appropriate: the court's significant caseload delayed resolution of this heavily litigated motion, which included not only the equitable tolling issue but numerous issues pertaining to conditional certification. "The time required for a court to rule on a motion . . . for certification of a collective action in an FLSA case[ ] may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine." *Small v. Univ. Med. Ctr. of S. Nevada*, No. 2:13-CV-00298-APG, 2013 WL 3043454, at *3 (D. Nev. June 14, 2013) (quoting *Yahraes v. Restaurant Assocs. Events Corp.*, No. 10–CV–935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. 2011)). Additionally, defendants in this case would not be prejudiced by this tolling because they knew of the scope of their potential liability at the time the complaint was filed. *Id.* at *4. Thus, it is in the interests of justice to equitably toll the statute of limitations to eliminate any prejudice suffered by potential collective action members as a result of the delay in resolving the conditional certification motion.

Plaintiff asks the court to equitably toll the FLSA's statute of limitations until the end of the notice period. However, doing so would completely eviscerate Congress's intent in creating a distinct statute of limitations that, in the case of opt-in members, is uniquely tolled "on the subsequent date on which such written consent [to opt into the collective] is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). Thus, other courts have equitably tolled the statute of limitations until the date when the notice is issued to potential collective action members. *See, e.g.*, *Yahraes*, 2011 WL 844963, at *3 (finding that tolling was warranted for the periods of time in which the court was evaluating plaintiff's motions and notice); *Castle*, 2007

4 – FINDINGS AND RECOMMENDATIONS

WL 1105118, at *1-*2, *1 n.2 (applying equitable tolling from the date conditional certification was taken under advisement until the date a stay over the case was resolved by a separate court).

Here, full briefing on the conditional certification motion was completed on October 18, 2021. Following the lead of other courts, it is just and appropriate to equitably toll the statute of limitations for the period of time between October 18, 2021, and the date on which notice is issued to potential collective action members.

## RECOMMENDATIONS

Plaintiff's motion for equitable tolling (ECF 23) should be granted between October 18, 2021, and the date on which notice is issued to potential collective action members.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due Monday, May 16, 2022. If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED May 2, 2022.

/s/ Youlee Yim You
Youlee Yim You
United States Magistrate Judge