Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Telephone:    503.221.0309
Fax No.:      503.242.2457

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS, individually and on behalf of all others similarity situated,<br><br>Plaintiff,<br><br>vs.<br><br>R & R RESTAURANTS, INC dba SASSY'S, an Oregon Corporation; STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00965-YY<br><br>DEFENDANTS' MOTION TO STAY ISSUANCE OF NOTICE TO PUTATIVE COLLECTIVE |

## LR 7-1 CERTIFICATION

Counsel for Defendants R & R Restaurants, Inc. dba Sassy's ("Sassy's"), Stacy Mayhood, Ian Hannigan, and Frank Faillace ("Mr. Faillace") (collectively, "Defendants") certify that they made a good faith effort to confer with counsel for Plaintiff Zoe Hollis ("Plaintiff") on June 13, 15, and 17, 2022 by email and on June 21, 2022 by phone regarding the issues presented in this Motion, but Plaintiff willfully refused to confer. *See* Declaration of Joseph Q. Ridgeway in Support

of Defendants' Motion to Stay Issuance of Notice to Putative Collective ("Ridgeway Dec."), at ¶¶ 7–9.

## MOTION

Defendants move to stay issuance of notice to the putative collective members (defined as individuals who performed at Sassy's between June 28, 2018 and the present) in this action.

## MEMORANDUM

### I. INTRODUCTION

10 months elapsed between this action's commencement and the Court's ruling that this case be conditionally certified as a collective action. Armed with written discovery and deposition testimony of Plaintiff, Defendants began drafting a motion for summary judgment (the "MSJ"). The Court issued its Order on conditional certification just before Defendants filed the MSJ on June 2, 2022. Because the MSJ has the potential to dismiss Plaintiff—the sole class representative—from this action, the Court should stay issuance of notice to the putative collective during the MSJ's pendency, as there will be no collective action in which to opt in should the Court dismiss Plaintiff's claims.

### II. FACTS

Plaintiff filed this action on June 28, 2021. ECF No. 1. Plaintiff is the sole class representative. *See* ECF Nos. 1 & 16. On September 20, 2021, Plaintiff filed their Motion for Conditional Certification and Issuance of Notice Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b) ("Plaintiff's Motion"), which was fully briefed on October 18, 2021. ECF Nos. 23 & 27.

The parties began exchanging written discovery on September 13, 2021, with Plaintiff issuing interrogatories and requests for production to Sassy's, Mr. Hannigan, Mr. Faillace, and Ms. Mayhood. Ridgeway Dec., at ¶ 2. Defendants issued interrogatories to Plaintiff on January 7,

2022 and requests for production and admission to Plaintiff on January 28, 2022. *Id.*

After receiving Plaintiff's written discovery responses, Defendants began drafting the MSJ to dismiss Plaintiff's First, Second, Third, and Fourth Causes of Action (the "FLSA Wage and Hour Claims") brought in the operative Plaintiff's First Amended Complaint for Damages (see ECF No. 16) on the grounds that Plaintiff filed those claims outside the statute of limitations and lacks standing to prosecute them due to their admitted tax fraud. Ridgeway Dec., at ¶ 3. Defendants deposed Plaintiff on April 15, 2022. *Id.* at ¶ 4.

Based on Plaintiff's deposition testimony, Defendants expanded the MSJ to include arguments to dismiss (1) the FLSA Wage and Hour Claims on the grounds that Plaintiff was not an employee of Sassy's and (2) Plaintiff's Fifth, Sixth, and Seventh Causes of Action on the grounds that Plaintiff was not an employee of Mr. Faillace with respect to his ownership of Glitz LLC dba Dante's. *Id.* at ¶ 5.

On May 2, 2022, the Court granted in part and denied in part Plaintiff's Motion. ECF No. 34. Although the Court conditionally certified this collective action, the Court denied "the implementation of [P]laintiff's proposed order . . . and use of the proposed notice . . . and instead direct[ed] the parties to confer and finalize a notice and proposed order that is (1) in accordance with this opinion and (2) distributed by a mutually agreed-upon third-party claims administrator." *Id.* at 15 (internal citations omitted).

Plaintiff provided Defendants with drafts of the proposed order and notice on May 2, 2022, and Defendants sent back edited versions on May 9, 2022. Ridgeway Dec., Ex. A. Plaintiff has neither submitted the proposed order and notice as revised by Defendants to the Court nor discussed Defendants' proposed revisions with Defendants. *Id.* at ¶ 6. Defendants filed the MSJ on June 2, 2022. ECF No. 42.

### III.   ARGUMENT

####   A.   Legal Standard

"A district court has the inherent power to stay its proceedings." *Concerned Friends of Winema v. U.S. Forest Serv.*, No. 1:14-CV-00737-CL, 2015 WL 13850971, at *1 (D. Or. Jan. 7, 2015). This power "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In ruling on a motion to stay, the district court must weigh "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)); *see also Concerned Friends of Winema*, 2015 WL 13850971, at *1.

####   B.   The Court Should Stay Issuance of Notice to the Putative Collective Because the MSJ Has the Potential to Dismiss the Sole Class Representative.

"FLSA collective actions are representative in nature." *Rother v. Lupenko*, 515 F. App'x 672, 676 (9th Cir. 2013). If the class representative's claims are dismissed, there is no one to represent the collective. *See, e.g.*, *In re Family Dollar FLSA Litig.*, 637 F.3d 508, 519 (4th Cir. 2011) ("Without a viable claim, [the former named plaintiff] cannot represent others whom she alleged were similarly situated."); *Halle v. West Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 221 (3d Cir. 2016) (explaining that, in a previous case, where the named plaintiffs' claims were dismissed, "any residual representational interest [the named plaintiffs] may once have had in bringing claims on behalf of individuals who had filed consents to opt in to the collective action" was "extinguished"); *Penn v. Loving Care Nursing Servs., Inc.*, No. CV SAG-19-2873, 2020 WL

6204316, at *2 (D. Md. Oct. 21, 2020) ("When a named plaintiff's claim is dismissed, the collective action cannot proceed on behalf of other individuals who have opted in to the action.").

The MSJ has a strong potential to dismiss Plaintiff's claims in their entirety, including all their claims brought on behalf of the putative collective. *See* ECF No. 42. Should this Court agree with Defendants that (1) Plaintiff lacks standing to prosecute their FLSA Wage and Hour Claims due to their tax fraud because any amounts recovered would benefit only tax-collecting authorities—not Plaintiff; (2) Plaintiff untimely filed their FLSA Wage and Hour Claims because there is no evidence that any Defendant acted "willfully" to enlarge the statute of limitations from two years to three pursuant to 29 U.S.C. § 255(a); *or* (3) the economic realities of Plaintiff's performances at Sassy's evidence an independent contractor relationship rather than an employment relationship where Plaintiff (a) had full control over their performances; (b) is a highly skilled performer and invested significant time and resources into developing those skills—skills which determined their opportunities for profit or loss; and (c) contracted with multiple venues for limited periods of time, including Sassy's, the business of which is based solely on food and drink sales—not performances, then the sole named plaintiff will be dismissed from this action, leaving the putative collective without a class representative. *See* ECF No. 42, at 17–33.

Considering the MSJ's potential to dismiss the sole class representative from this action, judicial economy is best served by the Court exercising its inherent power to stay issuance of notice to the putative collective. Hardship and inequity will result if notice is issued during the pendency of the MSJ, as the parties will expend significant time and resources toward notifying third parties of claims that may soon cease to exist. Conversely, no harm will harm result if issuance of notice is stayed. Plaintiff will not be affected by the requested stay as their claims are already part of this action. Nor will any putative collective member be harmed should the Court issue the requested

stay, as the Court tolled the statute of limitations for the putative collective members until issuance of a notice—an event that would only be postponed should Plaintiff's FLSA Wage and Hour Claims survive the MSJ. *See* ECF Nos. 36 & 41.

The requested stay will not have an adverse effect on judicial resources. Rather, it will conserve them. Should a stay not issue and members of the collective opt in to this action during the pendency of the MSJ, the Court will have to issue orders dismissing the claims of the opt-in plaintiffs should it grant the MSJ and dismiss Plaintiff's FLSA Wage and Hour Claims. *See, e.g.*, *In re Family Dollar FLSA Litig.*, 637 F.3d at 519; *Halle*, 842 F.3d at 221; *Penn*, 2020 WL 6204316, at *2. Doing so only wastes the Court's time and forces the opt-in plaintiffs to jump through an additional hoop to pursue their claims.

## IV.   CONCLUSION

Should the Court grant the MSJ and dismiss Plaintiff's FLSA Wage and Hour Claims, the putative collective will no longer have a class representative to prosecute their claims. Thus, the Court should stay issuance of notice to the putative collective during the pendency of the MSJ, as the stay will not result in any harm to any putative collective member or any party to this action, and it will conserve judicial resources.

Dated:   June 24, 2022                         LITTLER MENDELSON, P.C.

*/s/ Joseph Q. Ridgeway*
Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com

Attorneys for Defendants