Anthony D. Kuchulis, Bar No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, Bar No. 213011
jridgeway@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Telephone:     503.221.0309
Fax No.:        503.242.2457

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS, individually and on behalf of all others similarly situated**,**<br><br>Plaintiff,<br><br>vs.<br><br>R & R RESTAURANTS, INC dba SASSY'S, an Oregon corporation, STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 through 10, inclusive**,**<br><br>Defendants. | Case No. 3:21-cv-00965-YY<br><br>DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS |

**LR 7-1 CERTIFICATION**

Pursuant to LR 7, the undersigned counsel certifies that Defendants' counsel: (1) emailed Plaintiff's counsel a copy of their First Amended Answer and Counterclaims and asked to meet and confer about this motion; (2) called Plaintiff's counsel and left a message requesting a time to

Page 1- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

meet and confer; (3) and received an email from Plaintiff's counsel requesting further details, but Plaintiff's counsel refused to schedule a call to discuss this motion. Accordingly, Defendants attempted to confer in good faith by email and telephone with Plaintiff about this Motion but were unable to resolve the matter.

## MOTION

Defendants R & R Restaurants, Inc. dba Sassy's, Stacy Mayhood, Ian Hannigan, and Frank Faillace (collectively, "Defendants") respectfully move this Court pursuant to Federal Rule of Civil Procedure 15(a) for leave to amend their Answer and assert two counterclaims against Plaintiff Zoe Hollis ("Plaintiff") for breach of contract and unjust enrichment. The bases for this Second Motion for Leave to File First Amended Answer and Counterclaims ("Second Motion") are set forth in the Memorandum of Law below and the proposed Defendants/Counterclaimants' First Amended Answer and Counterclaims is attached as **Exhibit A**.

## MEMORANDUM OF LAW

I.   **FACTUAL AND PROCEDURAL BACKGROUND**

On June 28, 2021, Plaintiff[1] filed this lawsuit against Defendants alleging four violations of the Fair Labor Standards Act. ECF No. 1. Defendants filed their Answer on August 4, 2021. ECF No. 12.

On August 24, 2021, Plaintiff filed their First Amended Complaint, alleging the same four violations of the Fair Labor Standards Act in their original Complaint along with asserting three additional new claims of retaliation against new Defendant Frank Faillace. ECF No. 16. On September 7, 2021, Defendants timely filed their Answer to the Amended Complaint. ECF No. 20.

---

[1] Plaintiff uses the pronouns they/them.

Page 2- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST
AMENDED ANSWER AND COUNTERCLAIMS

On September 20, 2021, Plaintiff filed their Motion for Conditional Certification and Issuance of Notice Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b). ECF No. 23. Defendants filed a Response (ECF No. 24), and Plaintiff filed a Reply, with briefing complete on October 18, 2021. ECF No. 27. This Court granted in part Plaintiff's Motion for Conditional Certification on May 2, 2022. ECF No. 35.

Fact discovery in this case is ongoing. *See* Declaration of Anthony Kuchulis in Support of Defendants' Second Motion for Leave to File First Amended Answer and Counterclaims ("Kuchulis Decl.") at ¶ 11. On April 15, 2022, Defendants deposed Plaintiff Hollis. *Id.* at ¶ 12. On April 26, 2022, Defendants received a copy of the deposition transcript and reviewed it during the month of May. *Id*. From Plaintiff's deposition, Defendants learned additional information that bears directly on the two counterclaims Defendants seek to assert against Plaintiff through this Second Motion. Specifically, Plaintiff made statements during their deposition and addressed below that directly contradicts their earlier responses to discovery requests that seriously undermine Plaintiff's credibility and their motivation for bringing their action, and statements (along with ongoing discovery) that support Defendants' allegations against Plaintiff for breach of contract and unjust enrichment.

Further, on August 24, 2022, Defendant filed its Motion for Leave to File First Amended Answer and Assert Counterclaims ("First Motion"), which included a counterclaim asserting defamation by Plaintiff Hollis. ECF No. 56. Because the statute of limitations for the defamation counterclaim expired on September 10, 2022, in Defendants' First Motion, they requested an expedited hearing. *Id*. Over a week passed and the Court did not set an expedited briefing schedule or a hearing for Defendants' First Motion. *See* Case Docket. On Thursday September 1st, Defendants contacted the Court about their request for an expedited hearing, and the Court

Page 3- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST
AMENDED ANSWER AND COUNTERCLAIMS

instructed Defendants to confer with Plaintiff to agree to an expedited briefing schedule and hearing date. **Exhibit I.**

Rather than try to set an expedited briefing schedule so close to the statute of limitations deadline for the defamation claim, Defendants decided to move to strike their First Motion, file a Complaint against Plaintiff Hollis for defamation in state court to preserve that claim, and file this Second Motion for Leave to Amend their Answer and Assert Counterclaims for their breach of contract and unjust enrichment claims. *See* Kuchulis Decl. ¶16.

**Breach of Contract and Unjust Enrichment Claims**

On June 7, 2017, Plaintiff and Sassy's signed the Independent Contractor Agreement. Kuchulis Decl. ¶ 3, **Exhibit B**. The Agreement provides that "[Plaintiff] is an independent contractor with respect to [Sassy's] and is not an employee of [Sassy's]." *Id*. at 1. The Agreement further provides that "[Plaintiff] understands that [they] will receive no compensation from [Sassy's], but may retain any tips gained as a direct result of [their] performance. . . . [Sassy's] shall have no responsibility for paying payroll taxes of any kind, nor of withholding any taxes for any payment or tips earned by [Plaintiff]." *Id*. at 2. The Agreement further provides that "[Sassy's] shall have no right to control the manner and means of performance by [Plaintiff]," "[Plaintiff] shall schedule performances through an agent or other third party," and "[w]hen performing, [Plaintiff] has control over the conduct of [their] performance, subject to applicable laws and regulations." *Id*. at 1-2.

Plaintiff testified they earned between $80 to $400 <u>a night</u> while dancing on stage, and up to $520 <u>a night</u> in separate private dance fees. Kuchulis Decl. at ¶ 4, **Exhibit C** at 104:23–112:15. During the time Plaintiff performed at Sassy's, Sassy's charged stage fees ranging between $2–$10 a night. Kuchulis Decl. at ¶ 5, **Exhibit D** at 10-16 (Resp. to ROG No. 10). As Plaintiff worked

Page 4- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

138 shifts at Sassy's, earning between $80 to $920 a night minus minimal stage fees, Plaintiff most likely earned between $70,000 to $100,000 performing at Sassy's dating back three years prior to the filing of this action. *Id*.; *see also* Kuchulis Decl. at ¶ 4, **Exhibit C** at 104:23–112:15; Kuchulis Decl. at ¶ 13. Defendants were not aware of Plaintiff's large income they earned from Sassy's before their deposition, because Plaintiff failed to respond adequately to Defendants' discovery requests. Kuchulis Decl. at ¶ 6, **Exhibit E** at 6-8 (RFA No.'s 10, 11, 18); Kuchulis Decl. at ¶ 7, **Exhibit F** at 4-6 (Suppl. Resp. to ROG No.'s 6, 15); Kuchulis Decl. at ¶ 8, **Exhibit G** at 4, 6, 10 (Suppl responses to RFPs No's 2, 6, 13).

Plaintiff's testimony supports Defendants' counterclaims for breach of contract and unjust enrichment. By treating Plaintiff as an independent contractor pursuant to the Agreement, Defendants failed to obtain and collect the revenues, including minimum private or semi-private performance fees generated by Plaintiff, and Plaintiff earned well over minimum wage. Plaintiff now seeks an unjustified windfall at Defendants' expense. Therefore, the facts Defendants have discovered support this Motion, and their proposed First Amended Answer and Counterclaims meets the Rule 12(b)(6) pleading requirement, as discussed further below.

## II.   ARGUMENT

### A.   Legal Standard.

Federal Rule of Civil Procedure 15(a) allows a party to amend its pleading before trial with the court's leave and "[t]he court should freely give leave when justice so requires." Rule 15(a) "represents a strong policy permitting amendment." *See Wilson v. Decibels of Oregon, Inc.*, No. 1:16-CV-00855-CL, 2017 WL 11495259, at *1 (D. Or. June 2, 2017) (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991)). "A motion for leave to amend should be granted unless there has been a showing that to permit the amendment would produce an undue delay in

Page 5- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

the litigation, that the motion was brought in bad faith or out of dilatory motive, that the movant has repeatedly failed to cure deficiencies in the complaint by previous amendments, that the proposed amendment would unduly prejudice an opposing party, or that the proposed amendment would result in futility for lack of merit." *Langley v. Jones*, No. 2:11-CV-774-PK, 2012 WL 2019522, at *3 (D. Or. May 18, 2012), *report and recommendation adopted*, No. 2:11-CV-00774-PK, 2012 WL 2019472 (D. Or. June 5, 2012) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "The decision to grant or deny a motion to amend pleadings lies within the district court's discretion." *Wilson*, 2017 WL 11495259 at *1 (citation omitted).

"Moreover, it is well settled that, of these factors, the most important is the potential for prejudice to opposing parties, that futility alone is sufficient grounds for denying a motion to amend, and that undue delay alone is insufficient to justify the denial of a motion for leave to amend." *Langley*, 2012 WL 2019522 at *3.

Importantly, the non-moving party bears the burden of proving that it will be prejudiced if leave to amend is granted. *See Kiser v. General Elec. Corp.*, 831 F.2d 423, 428 (3d Cir. 1987). "[T]he non-moving party must do more than merely claim prejudice; it must show that it [would be] unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (quotations omitted).

      **B.**    **All Factors Point Toward Defendants Being Granted Leave to Amend Their Answer.**

All factors weigh in favor of the Court granting Defendants' Motion. Most importantly, Plaintiff will not be prejudiced if the Court grants Defendants' Motion. Defendants' First Amended Answer and Counterclaims will not unfairly disadvantage Plaintiff or deprive them of any

Page 6- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

opportunity to present facts or evidence that they could have presented if Defendants included the additional content in their original Answer. This case is in the early stages of litigation, and discovery is ongoing. Indeed, Plaintiff has not scheduled any depositions yet. Plaintiff thus has ample time and opportunity to conduct discovery on the content to be added to Defendants' First Amended Answer and Counterclaims.

Second, there is no undue delay. Fact discovery is ongoing. Defendants deposed Plaintiff five months ago and Plaintiff has not yet deposed Defendants. Plaintiff's Motion for Conditional Certification was only just granted in part four months ago. Additionally, Defendants notified Plaintiff of their intention to file this Motion back in June, but because briefing for Defendants Motion for Summary Judgment (ECF No. 42) was ongoing at the time and Plaintiff was busy preparing their response, Defendants delayed filing this Motion. Kuchulis Decl. ¶¶ 9, 15, **Exhibit H**. Defendants also filed their First Motion and chose to withdraw it and refile this Second Motion rather than attempt to expedite the briefing schedule and hearing. ECF No.'s 56 and 59. There is no request for an expedited briefing schedule and hearing with this Second Motion and Plaintiff is well aware of Defendants' asserted counterclaims. Even if this Court decides Defendants have "unduly delayed" their motion to amend their answer and assert counterclaims, "undue delay alone is insufficient to justify the denial of a motion for leave to amend." *Langley*, 2012 WL 2019522 at *3.

Third, Defendants' counterclaims are based on objectively verifiable facts discovered through Plaintiff's testimony under oath and are certainly not futile, as discussed above. "The proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Baker v. Pac. Far E. Lines, Inc.*, 451 F. Supp. 84, 89 (N.D. Cal. 1978). "When

Page 7- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must determine whether it appears beyond a doubt that plaintiffs can prove no set of facts in support of their claims that would entitle them to relief." *Smith Cookie Co. v. Archway Cookies*, No. CV 03-248-HA, 2003 WL 23960710, at *1 (D. Or. Apr. 25, 2003) (citations omitted). Defendants sufficiently allege plausible claims against Plaintiff in Defendants' proposed First Amended Answer and Counterclaims as outlined above. *See* Kuchulis Decl. ¶ 2, **Exhibit A.**

In short, Defendants submit this Motion in good faith. As explained above, after Defendants filed their Answer, they learned additional information through discovery that gave rise to counterclaims against Plaintiff. This is Defendants' first motion to amend their pleading.

### III.  CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion for Leave to File First Amended Answer and Counterclaims.

Dated:   September 16, 2022         LITTLER MENDELSON, P.C.

*/s/ Anthony D. Kuchulis*
Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com

Attorneys for Defendants

Page 8- DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

# **CERTFICATE OF SERVICE**

I hereby certify that on September 16, 2022, I served the foregoing DEFENDANTS' SECOND MOTION FOR LEAVE TO FILE FIRST AMENDED ANDWER AND COUNTERCLAIMS on the following parties:

    S. Amanda Marshall
    S. AMANDA MARSHALL, LLC
    1318 NW Northrup Street
    Portland, OR 97209
    Phone: (503) 472-7190
    amanda@maclaw.law

    John Kristensen
    CARPENTER & ZUCKERMAN
    8827 W. Olympic Blvd.
    Beverly Hills, CA 90211
    Phone: (310) 507-7924
    kristensen@cz.law

    Attorneys for Plaintiff

by the following indicated method(s) set forth below:

- ☑ **Electronic Filing using the Court's ECF System**
- ☑ **Email**
- ☐ **Hand Delivery**
- ☑ **First-class mail, postage prepaid**

    By:   */s/ Victoria Minnieweather*
           Victoria Minnieweather

Page 9- CERTIFICATE OF SERVICE