Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone:    503.221.0309
Fax No.:        503.242.2457

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>R & R RESTAURANTS, INC dba SASSY'S an Oregon corporation, STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 this 10, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00965-YY<br><br>DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION |

**LR 7-1 CERTIFICATION**

Counsel for Defendants R & R Restaurants, Inc. dba Sassy's ("Sassy's"), Stacy Mayhood,

Ian Hannigan, and Frank Faillace (collectively, "Defendants") certify that they made a good faith

effort to confer with counsel for Plaintiffs Zoe Hollis ("Hollis"), Takyla Harris ("Harris"), and

Rahel Patterson ("Patterson") (collectively, "Plaintiffs") via email on October 3, 4, and 11, 2022

Page 1- DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION

and via phone on October 11, 2022 regarding the issues presented in this Motion, but the parties were unable to resolve this dispute.

## MOTION

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendants move to dismiss Harris and Patterson for lack of subject-matter jurisdiction due to their inability to establish Article III constitutional standing.

## MEMORANDUM

## I.    INTRODUCTION

Recently added Plaintiffs Patterson and Harris did not work at Sassy's and therefore cannot bring federal wage and hour claims in this matter. Sassy's maintains business records of every performer it contracts with, and no such records exists for Patterson and Harris. Furthermore, the people at Sassy's responsible for coordinating performers at Sassy's have no memory of them working there.

While it may seem odd Plaintiff's counsel would submit consent forms on behalf of performers who did not work at the venue they are suing, it is not unprecedented. A federal court previously dismissed claims filed by counsel, on the same grounds, and admonished them for it. Regardless of whether they failed to make a reasonable inquiry into the facts, or whether Patterson and Harris deliberately misled counsel, it raises serious concerns.

Defendants therefore move to dismiss Harris and Patterson for lack of subject-matter jurisdiction because they cannot establish Article III standing.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Patterson and Harris filed consent forms to join this collective action on July 1 and 8, 2022, respectively. *See* ECF Nos. 50 & 53. Patterson claims she "worked as an exotic dancer for Sassy's

Page 2- DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

in Portland Oregon in [sic] September 2018 to February 2021." ECF No. 50-1. Harris claims she

"work[s]/worked as an exotic dancer for Sassy's in Portland Oregon, in [sic] June 2019 to Present."

ECF No. 53-1.

　　After Patterson and Harris filed their consent forms, Sassy's began an exhaustive search

for schedules, agreements, and records of any kind regarding their alleged work at Sassy's. *See*

Declaration of Stacy Mayhood in Support of Defendants' Motion to Dismiss for Lack of Subject-

Matter Jurisdiction ("Mayhood Dec."), at ¶ 9. However, Sassy's found no records evidencing that

Patterson and Harris ever performed at Sassy's. *See id.* at ¶ 10. In fact, despite a practice of keeping

a file for every person who has performed at Sassy's since at least June 28, 2018, Sassy's has no

files for either Patterson or Harris. *Id.* at ¶¶ 5, 10.

　　It is impossible for an individual to have performed at Sassy's during the statutory period[1]

(i.e., between June 28, 2018 to the present, based on Plaintiffs' unproven allegations of willfulness)

without Sassy's having some record of it. *Id.* at ¶ 11. If selected to perform at Sassy's, performers

are required to sign an independent contractor agreement should they wish to perform as

independent contractors—the classification Hollis alleges Sassy's gave them and the putative

collective.[2] *Id.* at ¶ 6; *see also* ECF No. 16, at ¶ 2 (alleging Defendants concocted a "scheme" to

classify performers at Sassy's as independent contractors). Additionally, regardless of their worker

classification, performers at Sassy's are also required to sign Sassy's policies and procedures.

---

[1] The statute of limitations for wage and hour claims under the Fair Labor Standards Act ("FLSA") is two years, "except that a cause of action arising out of a willful violation may be commenced within three years." 29 U.S.C. § 255(a).

[2] Performers at Sassy's have the option of applying for an employment performer position or an independent contractor performer position. Mayhood Dec., at ¶ 6. The former requires signing an independent contractor agreement and the latter requires compliance with state and federal recordkeeping laws, including ORS 652.750. *Id.*

Page 3- DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

Mayhood Dec., at ¶ 7. Of course, Sassy's creates and posts schedules of the dates and times of each performer's performances. *Id.* at ¶ 8. Indeed, on August 31, 2021, Defendants produced schedules detailing the dates and times Hollis performed at Sassy's during the statutory period. *See* Declaration of Joseph Q. Ridgeway in Support of Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Ridgeway Dec."), at ¶ 2.

To be sure, on August 10, 2022, Defendants issued requests for production, interrogatories, and requests for admission to Patterson and Harris seeking documents and information reflecting their alleged performances at Sassy's. *See id.* at ¶ 3. Harris responded to numerous requests for production seeking documents concerning her alleged work at Sassy's—including tax records—that she would "produce all non-privileged responsive documents in their possession, custody or control <u>to the extent any exist</u>." *Id.* at ¶ 4, Ex. A (emphasis added). To date, Harris has not produced anything. *See id.* at ¶ 10. Patterson, on the other hand, objected to each request for production—including those seeking documentation for her alleged work at Sassy's. *See id.* at ¶ 7, Ex. D.

Defendants' Interrogatory No. 6 asked Harris and Patterson to "[i]dentify every date and time [they] contend [they] worked at Sassy's, and for each such date so identified, state the hours worked[ and] whether there is documentation supporting that [they] worked that date," to which Patterson objected on the grounds that the interrogatory was purportedly overbroad and "contain[ed] improper subparts that exceed the number of permissible interrogatories per Fed. R. Civ. P. 33." *Id.* at ¶ 8, Ex. E, at 2. Harris also objected to Interrogatory No. 6 as somehow exceeding the number of permissible interrogatories under Fed. R. Civ. P. 33 before "estimat[ing] that she worked at Sassy's in June 2019"—a stark departure to the dates she alleges she worked at Sassy's in her consent form. *Id.* at ¶ 5, Ex. B, at 2; ECF No. 53-1.

Most telling, however, were Harris's and Patterson's responses to Defendants' requests for

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

admission:

> **REQUEST FOR ADMISSION NO. 2:** Admit you did not sign an independent contractor agreement with Sassy's.
>
> **PATTERSON'S RESPONSE:** Objection. This request is vague, ambiguous, and overbroad in time and scope. This request improperly references a document that is not attached to the request.
>
> **HARRIS'S RESPONSE:** Admit.
>
> **REQUEST FOR ADMISSION NO. 3:** Admit you have no documents reflecting performances rendered at Sassy's.
>
> **PATTERSON'S RESPONSE:** Objection. This request is vague, ambiguous, and overbroad in time and scope.
>
> **HARRIS'S RESPONSE:** [Harris] lacks the information or knowledge to respond. Defendants may have information and/or documents pertaining to [Harris's] work at Sassy's. Discovery is ongoing and [Harris] reserves the right to amend and/or supplement this response.

Ridgeway Dec., ¶6, Ex. C, at 3; *id.* at ¶ 9, Ex. F, at 3. As anticipated, Patterson and Harris have not produced a single responsive document showing any alleged work at Sassy's. *See id.* at ¶ 10.

## III.    ARGUMENT

### A.    Subject-Matter Jurisdiction Requires Plaintiffs to Establish Article III Constitutional Standing.

Because federal courts are courts of limited jurisdiction, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Pursuant to Fed. R. Civ. P. 12(b)(1), a party may move to dismiss claims that are outside the subject-matter jurisdiction of the federal courts. Because such a motion "involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535

Page 5- DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION

U.S. 625, 630 (2002). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "A jurisdictional challenge is factual where 'the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Pride v. Correa*, 719 F.3d 1130, 1133 n.6 (9th Cir. 2013) (quoting *Safe Air for Everyone*, 373 F.3d at 1039). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Safe Air for Everyone*, 373 F.3d at 1039 (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003)). Unlike a facial attack on subject-matter jurisdiction, in a factual attack, "[t]he court need not presume the truthfulness of the plaintiff's allegations." *Id.* (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)).

The "lack of Article III standing requires dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011). Article III standing is an "irreducible constitutional minimum" for plaintiffs in federal court. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Article III requires a plaintiff to show "(1) it has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). "'The party invoking federal jurisdiction bears the burden of establishing standing,' and '[e]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence

Page 6- DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

required at the successive stages of litigation.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (first quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 412 (2013), then quoting *Lujan*, 504 U.S. at 561).

**B.    Harris and Patterson Cannot Demonstrate Article III Standing Because They Did Not Perform at Sassy's.**

Of course, standing to sue for allegedly unpaid wages requires the plaintiff to have worked for the defendant. If not, there is no injury in fact. *See, e.g.*, *Chavez v. Creative Impact Inc.*, No. CV 20-01652 PHX CDB, 2021 WL 2474512, at *11 (D. Ariz. Feb. 12, 2021) (granting Fed. R. Civ. P. 12(b)(1) motion to dismiss and explaining that the exotic dance performer's consent form "is insufficient to establish, by a preponderance of the evidence, a factually plausible claim of subject matter jurisdiction, i.e., that she sustained an 'injury in fact' as the result of a specific action by Defendants"); *De Angelis v. Nat'l Ent. Grp., LLC*, No. 2:17-CV-924, 2018 WL 11316612, at *3 (S.D. Ohio July 25, 2018) (granting Fed. R. Civ. P. 12(b)(1) motion to dismiss and explaining that "it is clear to the Court that if [the exotic dance performer] did not ever work at [the defendant's club], [the exotic dance performer] could not meet the first constitutional requirement: she could not show that she suffered an injury in fact").

Harris and Patterson cannot demonstrate an injury in fact because they did not perform at Sassy's. Had they performed at Sassy's, there would be a record of it. *See* Mayhood Dec., at ¶ 11. This is especially true for Harris, who claims she is *currently* a performer at Sassy's. *See* ECF No. 53-1. Based on Defendants' business practice, no one could have performed at Sassy's since June 28, 2018 without Sassy's having some record of it. *See* Mayhood Dec., at ¶ 11. Sassy's keeps records of its performance schedules, signed policies and procedures, and, of course, independent contractor agreements in the performer's file. *See* Mayhood Dec., at ¶¶ 5–8. Hollis themself has

Page 7- DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

an independent contractor agreement with Sassy's—an agreement executed on June 7, 2017, long before Harris and Patterson allegedly performed at Sassy's. *See* ECF No. 20-1. Of course, Harris admitted she did not sign an independent contractor agreement with Sassy's and Patterson stubbornly objected on the grounds that the request "improperly references a document" *that does not exist*. Ridgeway Dec., ¶ 6, Ex. C, at 3; *id.* at ¶9, Ex. F, at 3. This is telling. *See Chavez*, 2021 WL 2474512, at *11 (granting Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction where the exotic dance performer had no independent contractor agreement and where "Defendants have produced contractual agreements signed by all other Plaintiffs regarding their performances at the Club").

**C.    These Baseless Claims are Surprising, but Not Unprecedented.**

Unfortunately, this is not the first time that Plaintiffs' counsel asserted FLSA claims on behalf of a plaintiff who never worked for the defendant. *See Chavez*, 2021 WL 2474512 (stating that Jesenia A. Martinez was counsel of record for the plaintiff, Hawkins, who did not perform at the defendant live performance venue). In an attempt to circumvent Article III standing, Plaintiffs' counsel argued in *Chavez* that "Defendants' self-serving declaration . . . is insufficient to dismiss Hawkins from this action. The fact that Defendants were incompetent in their record keeping and cannot produce evidence of Hawkins working at Defendants' club is not proper grounds for dismissing her claims." *Id.* at *10. The District of Arizona rejected that argument:

> Defendants have done more than make a "self-serving declaration" that Hawkins was never an entertainer at Bandaids, either in the capacity of an employee or as an independent contractor.
>
> . . . .
>
> [The declaration reveals] that Defendants were not "incompetent in their record keeping." Notably, Defendants have produced contractual agreements signed by all other Plaintiffs regarding their

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

performances at the Club. Plaintiff Hawkins submits no evidence beyond the allegations in the Complaint establishing any business relationship with, or appearances at, the Club and, therefore, she fails to meet her burden of establishing Article III standing. Plaintiff Hawkins' electronic signature on a form consenting to be represented by Plaintiffs' counsel, attached to the Complaint, is insufficient to establish, by a preponderance of the evidence, a factually plausible claim of subject matter jurisdiction, i.e., that she sustained an "injury in fact" as the result of a specific action by Defendants. Notably, the Complaint is not verified by Plaintiff Hawkins nor any other Plaintiff. Accordingly, Plaintiff Hawkins' claims against Defendants will be dismissed without prejudice. Should Plaintiff Hawkins provide some substantive evidence that she did work for Defendants, i.e., a W-2, a W-4, a 1099 form, or a 1040 form indicating she has declared income earned at the Club during the relevant time frame, she may move for reconsideration of the dismissal of her claims.

*Id.* at *11. Similarly, here, neither Harris nor Patterson produced "a W-2, a W-4, a 1099 form, or a 1040 form" indicating that they claimed income earned at Sassy's since June 2018—nor can they. *Id.*; Ridgeway Dec., at ¶ 10.

For such a significant oversight to occur once is problematic, but for it to now appear to happen again suggests evidence of a pattern or practice. At the least, Judge Bible's ruling in *Chavez* should have encouraged a different process or deterred baseless claims. The rules exist to preserve judicial economy, but also to protect litigants from abusive misuse of the legal system. *See* Fed. R. Civ. P. 11(b)(3).[3] Here, as in *Chavez,* without evidence of having worked at Sassy's (including "a W-2, a W-4, a 1099 form, or a 1040 form," see *Chavez*, 2021 WL 2474512, at *11), Harris and Patterson cannot establish Article III standing. Therefore, their claims must be dismissed for lack

---

[3] Fed. R. Civ. P. 11(b)(3) provides: "[b]y presenting to the court a pleading, written motion, or other paper––whether by signing, filing, submitting, or later advocating it—an attorney . . . certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Plaintiffs' counsel's signature can be found with Harris and Patterson's consent forms. *See* ECF Nos. 50 & 53.

Page 9- DEFENDANTS' MOTION TO DISMISS FOR
LACK OF SUBJECT-MATTER JURISDICTION

of subject-matter jurisdiction. *See Moon v. Breathless, Inc.*, No. 15-06297(SDW)(LDW), 2015 WL 7720490, at *4 (D.N.J. Nov. 30, 2015) ("Defendant's submissions have challenged whether Plaintiff Davis ever performed [exotic dances] at Breathless Men's Club and Plaintiff Davis failed to adequately dispute Defendant's claim. Consequently, this Court must dismiss Plaintiff Davis's FLSA claim for lack of subject-matter jurisdiction.").

## IV.    CONCLUSION

Patterson and Harris attempt to abuse the FLSA and its opt-in process to obtain a windfall for work they did not perform. Plaintiff's counsel attempts the same abuse to keep this action afloat in the face of a dispositive motion. But without a shred of evidence showing that Patterson and Harris performed at Sassy's, neither they nor their counsel's plans can come to fruition. Due to a lack of Article III standing and subject-matter jurisdiction, the Court must dismiss Patterson and Harris.

Dated:    October 12, 2022          LITTLER MENDELSON, P.C.


                                    */s/ Joseph Q. Ridgeway*
                                    Anthony D. Kuchulis, OSB No. 083891
                                    akuchulis@littler.com
                                    Joseph Q. Ridgeway, OSB No. 213011
                                    jridgeway@littler.com

                                    Attorneys for Defendants

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309