Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone:   503.221.0309
Fax No.:     503.242.2457

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>R & R RESTAURANTS, INC dba SASSY'S an Oregon corporation, STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 through 10, inclusive,<br><br>        Defendants. | Case No. 3:21-cv-00965-YY<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION** |

**REPLY**

**I.     INTRODUCTION**

Plaintiffs Patterson and Harris have failed to furnish affidavits or other evidence necessary to satisfy their burden of establishing Article III standing. Therefore, the Court should dismiss

Page 1 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

Plaintiffs Patterson and Harris' claims against Defendants because they lack subject matter jurisdiction. Plaintiffs Patterson and Harris have had ample time to, and did in fact, propound discovery requests on Defendants in search for "the presentation of evidence" to justify their involvement in the above-referenced case. No such evidence exists as Plaintiffs Patterson and Harris never performed at Defendant R & R Restaurants, Inc. dba Sassy's ("Sassy's").

Defendants respectfully request that the Court dismiss both Plaintiffs Patterson and Harris without delay for lack of subject matter jurisdiction.

## II.    RELEVANT FACTS IN REPLY

Patterson and Harris filed consent forms to join this collective action on July 1 and 8, 2022, respectively. *See* ECF Nos. 50 & 53. Patterson claims she "worked as an exotic dancer for Sassy's in Portland Oregon in [sic] September 2018 to February 2021." ECF No. 50-1. Harris claims she "work[s]/worked as an exotic dancer for Sassy's in Portland Oregon, in [sic] June 2019 to Present." ECF No. 53-1. Defendants adamantly deny these allegations on the grounds that Plaintiffs Patterson and Harris never performed or worked in any capacity at Sassy's.

Counsel for Defendants made a good faith effort to confer on four occasions with Plaintiff's counsel regarding the issues raised in Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction ("Motion to Dismiss"). *See* ECF No. 67, at 1–2. However, upon learning the grounds for Defendants' motion, Plaintiff's counsel refused to respond to Defendants' counsel's repeated requests to confer, refused to present any arguments suggesting that Plaintiffs Patterson and Harris ever worked for Defendants at Sassy's, and refused to present any justification for authorizing the opt-in plaintiffs to join the litigation.

Consequently, on October 12, 2022, Defendants filed their Motion to Dismiss detailing Plaintiffs Patterson's and Harris' lack of standing to join this litigation. On that same day, counsel

Page 2 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

for Plaintiff Patterson ironically sought court approval to withdraw as counsel for Plaintiff Patterson claiming, "a substantial breakdown in communication" that "has persisted for months and persists to the present." ECF No. 66 at 1, ¶3 (Plaintiffs' Motion to Withdraw as Counsel of Record for Plaintiff Patterson). Counsel for Plaintiff Patterson further alleges that, despite having knowledge of Defendants' Motion to Dismiss, seeking court approval to withdraw as counsel of record for Plaintiff Patterson at that time would present "no risk of prejudice to Ms. Patterson." *Id.* at 2, ¶12.

On October 26, 2022, Plaintiffs filed their Opposition to Defendants' Motion to Dismiss ("Opposition"), which lacks judicial and statutory authority to justify Plaintiffs' failure to establish standing, lacks testimony, affidavits, or proof from Plaintiffs Patterson or Harris establishing their purported work at Defendant Sassy's, and lacks any reasonable justification for allowing Plaintiffs Patterson and Harris to continue bringing a baseless claim against Defendants, despite having no evidence to support their allegations.

It has been five months since Plaintiffs Patterson and Harris joined this action. Since they joined, Defendants propounded discovery requests to both Plaintiffs Patterson and Harris, separately, seeking information and documents reflecting their alleged performances at Sassy's. Plaintiffs Patterson and Harris both responded to Defendants' discovery requests unable to provide any documents or evidence to support their claims. *See* ECF No. 68 at 2, ¶¶ 3–9. In addition, both Plaintiffs Patterson and Harris separately propounded discovery requests on all Defendants seeking any and all documents and evidence which would support their claims. Unsurprisingly, Defendants' respective responses included no documents or evidence to support Plaintiffs' claims because no such documents exist.

Nevertheless, despite nearly half of a year passing, and the discovery of no documents or

Page 3 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

evidence to support their claims, Plaintiffs' Opposition hinges on the argument that "discovery is far from completed" and asks the court to "deny Defendants' motion to allow for the presentation of evidence[.]" ECF No. 74 at 6, § C. Ample time has passed to allow Plaintiffs Patterson and Harris to seek evidence to support the claim that they worked at Sassy's. Defendants' exhaustive search for such evidence confirmed that no such documents exist and additional time searching will not change this conclusion. *See* ECF No. 67 at 3.

There is no justifiable reason for allowing a claim to proceed against a business from individuals who never worked there. Plaintiffs Patterson and Harris have presented no evidence to the contrary, nor have they provided any proof that they ever performed at Sassy's. Plaintiffs bear the burden of presenting sufficient evidence to show a cognizable injury. Plaintiffs have not–and cannot–meet this burden. Consequently, Plaintiffs Patterson and Harris' claims against Defendants should be dismissed without delay.

**III.   ARGUMENT**

Defendants' Reply will address each of Plaintiffs' arguments presented in their Opposition in turn.

**A.   Plaintiffs Fail to Establish Standing.**

Plaintiffs Patterson and Harris allege that their respective consent forms paired with a single denial on Plaintiff Harris' response to Defendants' request for admissions is sufficient to establish Article III standing for both Plaintiffs Patterson and Harris. However, to the contrary, such mere allegations are not sufficient to satisfy Plaintiff's burden of establishing subject matter jurisdiction.

"Article III standing is properly presented as a challenge to jurisdiction under Rule 12(b)(1)[.]" *Chavez v. Creative Impact Inc.*, No. CV 20-01652 PHX CDB, 2021 WL 2474512, at

Page 4 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

*10 (D. Ariz. Feb. 12, 2021). "Because the issue of constitutional standing is properly presented in a Rule 12(b)(1) factual challenge, the Court may consider materials outside of Plaintiffs' Complaint." *Id.* (citing *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)). "Once the moving party has converted the motion to dismiss into a factual motion by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039-40 & n.2 (9th Cir. 2003).

"To meet the 'irreducible constitutional minimum' of Article III standing, a plaintiff invoking federal jurisdiction bears the burden of establishing three elements. . . . First, the plaintiff must establish they have suffered an 'injury in fact,' i.e., a concrete and particularized invasion of a legally protected interest." *Chavez*, at *10 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Second, "[t]he plaintiff must also establish a 'causal connection' between their injury and a specific action of the defendant." *Id.* Third, "[t]he plaintiff must also show a likelihood 'that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Lujan*, at 561).

Here, Defendants converted their Motion to Dismiss into a factual motion by presenting affidavits and other evidence properly brought before the Court to support the Motion to Dismiss. *See* ECF No.'s 67, 68, 68-1, & 69. Accordingly, Plaintiffs must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction.

Plaintiffs have failed to meet not just one, but all three elements to establish the "irreducible constitutional minimum" of Article III standing. Plaintiffs have failed to furnish affidavits or other evidence necessary to prove that they ever worked at Defendant Sassy's, despite Defendants' numerous discovery requests. Because Plaintiffs did not, and cannot, present any evidence

Page 5 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

suggesting that they ever performed at Defendant Sassy's, Plaintiffs cannot establish that they suffered an injury in fact. Therefore, Plaintiffs have failed to establish the first element of Article III standing. In the absence of an injury in fact, Plaintiffs cannot establish–and have failed to even attempt to establish–any causal connection between their purported injury and any specific action(s) of Defendants. Therefore, Plaintiffs have failed to establish the second element of Article III standing. Finally, in the absence of an injury in fact, Plaintiffs cannot, and have not, presented any evidence to show a likelihood that their purported injury will be redressed by a favorable decision from this Court. Therefore, Plaintiffs have failed to establish the third element of Article III standing.

Rather than attempt to meet their burden of proof to establish Article III standing, Plaintiffs argue, without merit, that the burden should fall on Defendants to maintain records that do not exist, alleging that Defendant's "self-serving declaration . . . fails to identify the steps taken to conduct the 'search'" and should not be the basis for dismissal. ECF No. 74 at 2.

Even if the Court adopts Plaintiffs' flawed argument, this argument fails because Defendant Mayhood identified with particularity the steps taken to verify the absence of Plaintiffs Patterson's and Harris' business relationship with Defendants. Specifically, Defendant Mayhood asserted under penalty of perjury that, despite an "exhaustive search for schedules, independent contractor agreements, signed policies, and records of any kind relating to Patterson and Harris," Defendants verified that they "found no records indicating that Patterson and Harris had ever performed at Sassy's." ECF No. 69 at 3, ¶¶ 9–10.

In particular, Defendant Mayhood details the following steps were taken with regard to her verification that Plaintiffs Patterson and Harris never worked or performed at Sassy's:

Page 6 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

a) Sassy's has a file for every performer that has performed at Sassy's at least since June 28, 2018.

b) If selected to perform at Sassy's, the performer has the option of applying for an employment performer position or an independent contractor position.

c) Regardless of their worker classification, performers at Sassy's are also required to sign Sassy's policies and procedures. Sassy's keeps a copy of these signed policies in each performer's file.

d) All independent contractor performers are required to sign an independent contractor agreement. Sassy's keeps copies of its independent contractor agreements in its performer files–just as it did for Plaintiff Zoe Hollis's independent contractor agreement executed in June 2017.

e) Performance schedules are distributed to the dancers and are posted on Sassy's Facebook page for the public to see. Sassy's keeps records of its past schedules.

f) Defendants found no records indicating that Patterson and Harris had ever performed at Sassy's, either during the applicable limitations period or otherwise. Indeed, Sassy's has no performer file for Patterson or Harris.

g) Defendants located no records indicating that Patterson or Harris ever worked for Sassy's as an employee.

h) It is impossible for Patterson or Harris to have performed at Sassy's since June 28, 2018 without Sassy's having some record of it.

i) Defendant Mayhood viewed pictures of Patterson and Harris posted to their respective social media pages and did not recognize them to be people who had ever worked at Sassy's in any capacity.

*Id.* at 2–3, ¶¶ 4–12.

Accordingly, Defendants have done more than make a "self-serving declaration" that neither Plaintiff Patterson nor Plaintiff Harris ever performer at Sassy's, either in the capacity as an employee or as an independent contractor. *See Chavez*, at *10 (granting Defendant's motion to dismiss for lack of standing based on defendant's affidavit verifying an exhaustive search of company records to indicate the absence of plaintiff's work at the club).

Defendant Mayhood's statements reveal that Defendants were not delinquent in

Page 7 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

"maintain[ing] accurate and complete records[;]" (ECF No. 74 at 6); and rather, that Defendants' maintained a complete and accurate file for every performer at Sassy's since June 2018.

Furthermore, Defendants have presented evidence that they require all dancers, including Plaintiff Hollis, to sign contractual agreements regarding their performances at Sassy's. *See* ECF No. 69 at 2, ¶¶ 6–7. Plaintiffs Patterson and Harris have failed to submit any evidence beyond the mere allegation of an approximate timeframe in their consent forms establishing any business relationship with Sassy's. *See* ECF No. 74 at 3 (alleging that Patterson claims she performed at Sassy's "sometime between September 2018 to February 2021" and Harris claims performed at Sassy's "sometime between June 2019 and the present"). Plaintiffs Patterson's and Harris' electronic signature on their consent forms, along with a single "deny" response to a single request for admission, absent any concrete evidence, affidavits, or other proof of an established business relationship with Defendants does not rise to establish the "irreducible constitutional minimum" of Article III standing. *See Chavez*, at *11 ("Plaintiff Hawkins' electronic signature on a form consenting to be represented by Plaintiffs' counsel, attached to the Complaint, is insufficient to establish, by a preponderance of evidence, a factually plausible claim of subject matter jurisdiction, i.e., that she sustained an 'injury in fact' as the result of a specific action by Defendants. Notably, the Complaint is not verified by Plaintiff Hawkins or any other plaintiff.").

The facts from *Chavez* are strikingly similar to the facts in the case at hand.[1] In *Chavez*, opt-in plaintiff Hawkins alleged that she worked at defendant's club merely by claiming as much in her consent to join form. Plaintiff Hawkins failed to present evidence to support the allegation and relied on the argument that "Defendants' self-serving declaration . . . is insufficient to dismiss

---

[1] Including, Plaintiffs' representation in *Chavez* by attorney Jesenia A. Martinez of Carpenter & Zuckerman, and Plaintiffs' representation in the case at hand by attorney Jesenia A. Martinez of Carpenter & Zuckerman, along with identical arguments in opposition to a Rule 12(b)(1) motion to dismiss presented by Ms. Martinez in both cases.

Page 8 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

[her] from this action. The fact that Defendants were incompetent in their record keeping and cannot produce evidence of [plaintiff] not working at Defendants' club is not proper grounds for dismissing her claims." *Chavez*, at *11.

Here, opt-in Plaintiffs Patterson and Harris rely on the mere allegation in their consent to join forms and a single "deny" in Plaintiff Harris' response to a single request for admission to satisfy their burden of "furnishing affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage*, at n.2 (describing plaintiff's burden to establish Article III standing). Further, Plaintiffs argue that "Defendants' self-serving declaration . . . is insufficient to establish as a matter of fact that Plaintiffs did not perform at Sassy's" and that Defendants have failed "to maintain accurate and complete records" and such "misstep" in record-keeping should not "Plaintiffs' burden to keep[.]" *Id.* at 4 & 6. These arguments are identical to those arguments presented by the plaintiff in *Chavez*, where the court found no standing.

Just as the court in *Chavez* dismissed plaintiff's claims against defendants for lack of Article III standing, the Court here should dismiss Plaintiffs Patterson's and Harris' claims against Defendants because they, too, have failed to meet the "irreducible constitutional minimum" of Article III standing.

    **B.**  **The Court Should Dismiss Plaintiffs Patterson and Harris Without Delay.**

Without providing any legal authority to support their claim, Plaintiffs require that the Court "must hold the issue [regarding the Motion to Dismiss] in abeyance until it rules on the motion to withdraw[.]" ECF No. 74 at 5, § B. Not only is Plaintiffs' argument without merit or any legal authority, as a practical matter, it does not make any sense.

First, there is no legal precedent or statutory authority requiring that the Court withhold a decision on Defendants' Motion to Dismiss to first, allow the Court time to rule on a motion to

Page 9 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

withdraw filed on the same day as the Motion to Dismiss, and second, to allow Plaintiff Patterson additional time to seek alternative counsel who can then litigate counsel for Plaintiff's missteps in the current litigation. Plaintiffs' counsel has not presented any authority to the contrary.

Next, in counsel for Plaintiff Patterson's Motion to Withdraw, counsel avers that "[t]here is no risk of prejudice to Ms. Patterson" in counsel's proposed withdraw (*see* ECF No. 66 at 2, ¶12), despite having knowledge (for two weeks) of Defendants' intent to file the Motion to Dismiss, and the grounds for which the Motion to Dismiss relies. *See* ECF No. 67 at 1–2 (counsel for Defendants confirming multiple attempts to confer with counsel for Patterson on the Motion to Dismiss). Counsel for Plaintiff Patterson was allegedly aware of her "breakdown in communication" with Plaintiff Patterson well in advance of Defendants' Motion to Dismiss. *See id.* at 2 ("this breakdown in communication has persisted for months"). Nevertheless, counsel failed to seek withdrawal from representation of Plaintiff Patterson until after Defendants filed the Motion to Dismiss. Counsel then claimed that Patterson will not be prejudiced by her withdrawal, and now demands the Court to withhold a ruling on the present Motion to Dismiss to allow counsel to sort through her affairs with Patterson. The sequence of events is puzzling, not to mention, prejudicial to Defendants. Furthermore, the demands are not supported by any legal authority.

Lastly, the arguments presented and supporting evidence in the Motion to Dismiss relate to discovery and conduct that occurred between July and September 2022, during which time counsel for Plaintiff Patterson was actively issuing discovery responses on behalf of Plaintiff Patterson. The Court can assume that because counsel for Plaintiff Patterson included an electronic signature for Plaintiff Patterson on the discovery responses, that counsel was in communication with Plaintiff Patterson and received her approval to sign and serve those responses. Accordingly, counsel for Plaintiff Patterson maintains all sufficient information and knowledge to argue on

Page 10 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

behalf of Plaintiff Patterson in the present Motion to Dismiss. Delaying a ruling on the issues presented in the Motion to Dismiss will not preserve judicial economy, it is unprecedented, and will most certainly cause unnecessary and undue delay.

There is no justification, grounded in legal authority or common sense, to delay the Court's ruling on the Motion to Dismiss.

### C. The Court Should Reject Plaintiffs' Request to Allow Additional Time for the Presentation of Evidence as Unnecessary and Without Merit.

As discussed above in Section II, *supra*, the parties previously engaged in the exchange of discovery in an attempt to uncover any evidence to support Plaintiff Patterson's and Plaintiff Harris' claims that they performed at Sassy's. Discovery related to the issues presented in the Motion to Dismiss is conclusive. Allowing additional time for discovery is unnecessary and will not elicit any new information.

Specifically, Defendants propounded to each Plaintiff Patterson and Plaintiff Harris separately Requests for Production of Documents, Request for Admissions, and Interrogatories seeking documents, testimony, and other evidence necessary to provide a basis for their respective claims that they performed at Sassy's. Plaintiffs responded on September 14, 2022, with no evidence to support their claims. *See* ECF No. 68, Ex.'s A–F (Plaintiffs' discovery responses); *see also* ECF No. 75, Ex.'s 1–3 (same). In addition, in August 2022, Plaintiffs each submitted to all Defendants separately Requests for Production of Documents and Interrogatories seeking discovery of documents and other evidence to reflect each of Plaintiff Patterson's and Plaintiff Harris' hours performed, schedules, written policies, and other documents relevant to Plaintiffs' file. On September 9, 2022, Defendants responded providing no responsive documents because no such documents exist.

Page 11 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

Despite the exchange of discovery, all parties, including Plaintiffs themselves, were unable to uncover any evidence to support Plaintiffs' claim of a business relationship with Defendants. The discovery was conclusive on this issue and revealed that Plaintiffs Patterson and Harris never performed at Sassy's. Additional time, as Plaintiffs request, will not change this realization and will cause undue delay in resolving the merits of the case.

Lastly, Plaintiffs' request distracts the Court from the narrow focus before the court: did Plaintiffs Patterson and Harris meet their burden to establishing Article III standing. As discussed, the burden is on Plaintiffs Patterson and Harris to present evidence to establish standing. Plaintiffs Patterson and Harris have failed to present any such evidence. Therefore, Defendants' motion should be granted insofar as it seeks to dismiss Plaintiffs Patterson's and Harris' claims against Defendants because neither Plaintiff Patterson nor Plaintiff Harris have presented any evidence to support the allegation that they ever worked for Defendants.

## IV.   CONCLUSION

Plaintiffs Patterson and Harris bear the "irreducible constitutional minimum" burden of establishing Article III standing. To meet that burden, Plaintiffs must establish through affidavits or other evidence: (1) that they suffered an injury in fact; (2) a causal connection between their injury and a specific action of the defendant; and (3) a likelihood that the injury will be redressed by a favorable decision. Because Plaintiffs have failed to present any evidence that they performed at Sassy's, they have not–and cannot–establish an injury in fact. Consequently, Plaintiff's cannot establish any of the three elements to satisfy Article III standing. Due to a lack of Article III standing and subject-matter jurisdiction, the Court must dismiss Plaintiffs Patterson and Harris' claims against Defendants without delay.

Page 12 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

Dated: November 9, 2022

LITTLER MENDELSON, P.C.

*/s/ Anthony D. Kuchulis*
Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com

Attorneys for Defendants

Page 13 – DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309