Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Telephone:	503.221.0309
Fax No.:	503.242.2457

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>R & R RESTAURANTS, INC dba SASSY'S an Oregon corporation, STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 through 10, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00965-YY<br><br>DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81) |

Pursuant to Fed. R. Civ. P. 72(a), Defendants R & R Restaurants, Inc. dba Sassy's ("Sassy's"), Stacy Mayhood, Ian Hannigan, and Frank Faillace (collectively, "Defendants") respectfully object to Magistrate Judge Youlee Yim You's November 21, 2022 Order (ECF No. 81) holding Defendants' Motion for Summary Judgment (ECF No. 42) in abeyance.

Page 1 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

## I. INTRODUCTION

A year after they filed this action, Plaintiff Zoe Hollis ("Hollis")[1] claims they had "no opportunity" to conduct depositions—despite the Court's indefinite expansion of the discovery period. Indeed, Hollis issued eight sets of written discovery, issued a subpoena to a third party for records, and sat for their own deposition in Portland. However, although they received deposition dates from Defendants' counsel on multiple occasions, Hollis failed to schedule a deposition of their own. Despite this demonstrable failure to pursue depositions, on November 21, 2022, the Court declined to rule on Defendants' Motion for Summary Judgment so the parties could "complete fact discovery." *See* ECF No. 81. The Court should vacate the November 21, 2022 Order and rule on Defendants' fully-briefed Motion for Summary Judgment on the merits—a motion which has been pending since June 2, 2022.

## II. RELEVANT FACTS

Hollis filed this action on June 28, 2021. *See* ECF No. 1. On June 29, 2021, the Court ordered discovery to be completed by October 27, 2021. *See* ECF No. 2. Defendants answered Hollis's Complaint on August 4, 2021. *See* ECF No. 12.

On September 13, 2021, Hollis served Sassy's with requests for production and interrogatories. *See* ECF No. 47-1, at 1–21. On September 15, 2021, after the parties' Fed. R. Civ. P. 16 conference with the Court, Judge You ruled as follows:

> Fact discovery cutoff <u>deadline</u> is stayed pending ruling on plaintiff's motion for conditional certification. . . . Any discovery matters will be handled on an informal basis. Unless otherwise ordered, in the event a discovery motion is filed, no written response to the motion will be required.

*See* ECF No. 22 (emphasis added). Thus, the Court's September 15, 2021 Order expressly

---

[1] Hollis uses the pronouns "they/them."

Page 2 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

eliminated any time constraints on the parties' ability to conduct discovery and outlined the procedure for resolving disputes that may arise from the parties' discovery efforts.

Five days later, on September 20, 2021, Hollis (1) filed their Motion for Conditional Certification and Issuance of Notice Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b) ("Hollis's Motion"), *see* ECF No. 23; and (2) served interrogatories and requests for production on Defendants Frank Faillace, Ian Hannigan, and Stacy Mayhood. *See* ECF No. 47-1, at 22–90. Less than three months into this case, Hollis propounded a total of 134 requests for production and 80 interrogatories. *See* ECF No. 47-1.

On September 29, 2021—after the Court stayed the deadline to complete discovery—Hollis asked for depositions of Jennifer Belloni, Defendant Mayhood, and Defendant Hannigan. *See* ECF No. 47-2, at 3. Defendants' counsel responded the following day and offered the week of November 16, 2021. *See id.* Hollis did not confirm those dates, ask for different dates, or issue notices of depositions for Ms. Belloni, Defendant Mayhood, and Defendant Hannigan. *See* ECF No. 51, at 33. Rather, Hollis did nothing. *See id.*

On February 28, 2022, Defendants noticed Hollis's in-person deposition for April 5, 2022 in Portland. *See* ECF No. 52-2. After Hollis's counsel noted a conflict with that date, the parties agreed on April 15, 2022 for Hollis's deposition and on March 8, 2022, Defendant served an amended notice of deposition accordingly. *See* ECF Nos. 52-3 & 52-4. At no point did Hollis seek to schedule the depositions of Defendants—all of whom live in or near Portland—despite the fact Hollis's counsel defended Hollis's deposition in person on April 15, 2022. *See* ECF No. 52, at ¶ 6.

On March 8, 2022, Hollis served a notice of subpoena to Sassy's accountant seeking a variety of financial documents for the previous four years. *See* ECF No. 31, at ¶ 3 & Ex. A. In mid-March 2022, Hollis requested deposition dates, but not for any Defendant. *See* ECF No. 47-

Page 3 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

9. Rather, Hollis asked for depositions of non-parties Christopher Gray, Wes Cueto, and Jennifer Gilley. *Id.* Regardless, on March 28, 2022, Defendants provided dates for these depositions during the week of May 9–13, 2022. *Id.* Once again, Hollis did nothing. *See* ECF No. 51, at 35.

The Court granted Hollis's Motion on May 2, 2022. *See* ECF No. 34. On May 5, 2022, Defendants' counsel conferred with Hollis's counsel regarding Defendants' forthcoming Motion for Summary Judgment. *See* ECF No. 52-1. Once Hollis's counsel learned of Defendants' intent to file a motion for summary judgment, Hollis's counsel emailed Defendants' counsel falsely claiming they had no "opportunity to depose Defendants or Defendants' witnesses," and for the first time sought dates for the deposition of Mr. Faillace. *See* ECF No. 52-1, at 1. Hollis's counsel made this request more than seven months after they first asked to depose Ms. Mayhood and Mr. Hannigan and more than ten months after Hollis filed this action. *See* ECF No. 52, at ¶ 2. For a third time, Defendants proposed deposition dates to Hollis's counsel. *See* ECF No. 47-13, at 1–2.

Almost a month after Hollis' renewed interest in taking depositions—a period in which Hollis did not notice any depositions—on June 2, 2022, Defendants filed their Motion for Summary Judgment. *See* ECF No. 42. Oddly, on June 23, 2022—almost one year after they filed this action and with no deadline to complete discovery—Hollis asked the Court to stay its ruling on Defendants' Motion for Summary Judgment, claiming they had "diligently sought Defendants' depositions and have been stonewalled by Defendants." *See* ECF No. 45, at 45. Of course, the facts show that is inaccurate.

On November 21, 2022, the Court entered the following order on Defendants' Motion for Summary Judgment:

> Defendants' motion for summary judgment (*See* ECF No. 42) is held in abeyance pending completion of fact discovery. *See Kauffman v. Orrego*, No. 1:19-cv-01240-MC, 2019 WL 6220982,

Page 4 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

at *3 (D. Or. Nov. 21, 2019) ("Generally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment."). The court previously stayed the deadline to complete fact discovery while resolving [Hollis' Motion]. *See* ECF No. 22. The stay was lifted after [Hollis' Motion] was granted in part on May 2, 2022, and defendants filed their motion for summary judgment on June 2, 2022. After the parties complete fact discovery, counsel should confer and, if necessary, propose a schedule for briefing dispositive motions that includes any supplemental briefing regarding defendants' motion for summary judgment. *See* ECF No. 42.

ECF No. 81. The Court did not indicate when Hollis's desired depositions should occur, propound a timeline for Hollis to take action, or explain how, after a year and a half of litigation, Hollis has not had a full and fair opportunity to develop their case.

## III. ANALYSIS

### A. Standard of Review.

When a magistrate judge enters a nondispositive order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "[T]he Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo." *adidas Am., Inc. v. Fashion Nova, Inc.*, 341 F.R.D. 263, 265 (D. Or. 2022). "[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Exxon Co. v. Sofec Inc.*, 54 F.3d 570, 576 (9th Cir. 1995), *aff'd*, 517 U.S. 830 (1996). "An order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *adidas*, 341 F.R.D. at 265 (quoting *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019)).

Page 5 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

### B. Hollis Failed to Diligently Pursue Depositions Despite Having Ample Opportunity to Conduct Discovery.

The Court's November 21, 2022 Order holding Defendants' Motion for Summary Judgment in abeyance seems to contemplate that Hollis had only one month to conduct discovery. *See* ECF No. 81 ("The court previously stayed the deadline to complete fact discovery while resolving plaintiffs' motion, *See* ECF No. 23, for conditional certification of the FLSA collective action. *See* ECF No. 22. The stay was lifted after the motion for conditional certification was granted in part on May 2, 2022, and defendants filed their motion for summary judgment on June 2, 2022." (emphasis added)). Corroborating this is the Court's citation to *Kauffman v. Orrego* for the proposition that "[g]enerally where a party has had no previous opportunity to develop evidence and the evidence is crucial to material issues in the case, discovery should be allowed before the trial court rules on a motion for summary judgment." *See* ECF No. 81 (quoting *Kauffman*, 2019 WL 6220982, at *3). However, in *Kauffman*, the "Defendants' Motion for Summary Judgment was filed only a few weeks after the Answer and before any substantive discovery could take place." 2019 WL 6220982, at *3 (emphasis added) (granting the pro se plaintiff's Fed. R. Civ. P. 56(d) request and ordering a 90-day limited discovery period "on the question of whether Defendants qualify as employers under the ADEA").

But in this case, the Court's September 15, 2021 Order merely stayed *the deadline* to complete discovery—it did not stay discovery itself. *See* ECF No. 22 ("Fact discovery cutoff deadline is stayed pending ruling on plaintiff's motion for conditional certification." (emphasis added)). Indeed, that Order outlined the procedure for handling discovery disputes, confirming that the Court authorized discovery to proceed during the pendency of Hollis's Motion. *See id.*

Thus, beginning in September 2021, Hollis was under no discovery restrictions

Page 6 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

whatsoever. In fact, by the time Defendants filed their Motion for Summary Judgment on June 2, 2022—almost one year after Hollis filed this action and almost nine months after the Court's September 15, 2021 Order—Hollis served written discovery on every Defendant, issued a subpoena to Sassy's accountant for financial records, sat for a deposition in Portland, and requested deposition dates multiple times—requests Defendants answered with proposed dates each time. However, each time, Hollis failed to schedule depositions.

With more time than is typically granted in the District of Oregon due to the Court's stay of the deadline to complete discovery, Hollis's "[f]ailure to take further depositions apparently resulted largely from [their] own delay." *Landmark Dev. Corp. v. Chambers Corp.*, 752 F.2d 369, 372 (9th Cir.1985) (affirming the trial court's denial of the plaintiff's Rule 56(d) request). Indeed, courts in the Ninth Circuit regularly deny requests to stay an opposing party's motion for summary judgment pursuant to Fed. R. Civ. P. 56(d) where the parties had similar time as Hollis to conduct discovery—including depositions of the party moving for summary judgment. *See, e.g.*, *Moersch v. Zahedi*, 228 F. Supp. 3d 1079, 1084 (C.D. Cal. 2017), *judgment entered*, No. SACV1600151CJCKESX, 2017 WL 149797 (C.D. Cal. Jan. 13, 2017), *and aff'd*, 724 F. App'x 583 (9th Cir. 2018) ("Defendant does not provide a single specific reason as to why he has not had time to procure any evidence despite his having ample time to do so—this case base been pending for almost a year. . . . Rule 56(d) does not excuse a party from sleeping on his rights. Accordingly, the Court declines to grant Defendant relief under Rule 56(d).").

Indeed, Hollis has not demonstrated good cause for why they failed to notice a single deposition in a year of litigation. *See Harris v. City of Seattle*, 315 F. Supp. 2d 1112, 1116 (W.D. Wash. 2004), *aff'd*, 152 F. App'x 565 (9th Cir. 2005) (granting the defendants' motion for summary judgment and denying the plaintiff's request for a Rule 56(d) continuance to conduct

Page 7 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

depositions of the defendants where "Plaintiff has not shown good cause why she has not pursued this discovery within the discovery period, which was over one year long").

Considering that Hollis did not cite to their own deposition once in their response to Defendants' Motion for Summary Judgment, *see* ECF No. 45, it appears that Hollis intends to use Fed. R. Civ. P. 56(d) "to go on a fishing expedition in search of some admissible evidence to support [their] claims." *McCauley v. Stanford Univ. Med. Ctr.*, No. C 07-1784 JF (RS), 2009 WL 650359, at *13 (N.D. Cal. Mar. 11, 2009) ("McCauley seeks to take the depositions of . . . . *all* the major players in this case. It does not appear that McCauley took any depositions in the year and a half that elapsed between her filing of the action in September 2006 and Defendants' filing of their motion for summary judgment in April 2008. Moreover, McCauley waited until April 16, 2008, two days before her opposition to Defendants' motion was due, to seek a continuance. McCauley offers no credible explanation for these omissions. . . . As best the Court can discern, McCauley hopes to go on a fishing expedition in search of some admissible evidence to support her claims. The request for continuance will be denied."). This is impermissible. *See id.*

By ignoring proposed deposition dates and failing to notice a single deposition in a year of litigation, Hollis cannot credibly claim that they diligently pursued depositions. *See Pfingston v. Ronan Eng'g Co.*, 284 F.3d 999, 1005 (9th Cir. 2002) ("The failure to conduct discovery diligently is grounds for the denial of a Rule 56[(d)] motion."). Moreover, Hollis asked the Court to ignore their failure to conduct depositions by offering pure speculation about what the testimony of the witnesses would reveal—an improper method of requesting relief under Fed. R. Civ. P. 56(d). *See, e.g.*, *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996) ("The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists and that it would prevent summary judgment." (internal citation omitted)); *Neely v. St. Paul Fire*

Page 8 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

*& Marine Ins. Co.*, 584 F.2d 341, 344 (9th Cir. 1978) ("An opposing party's mere hope that further evidence may develop prior to trial is an insufficient basis upon which to justify [a grant of a Fed. R. Civ. P. 56(d) request].").

The Court's November 21, 2022 Order is (1) factually erroneous because unlike the plaintiff in *Kauffman*, Hollis had ample opportunity over the better part of a year to take depositions before Defendants filed their Motion for Summary Judgment in June 2022; and is (2) contrary to law due to the Court's misapplication of *Kauffman*, disregard of numerous cases denying Fed. R. Civ. P. 56(d) requests where the parties had a similar amount of time as Hollis to conduct depositions, and lack of findings regarding whether the depositions Hollis seeks would preclude summary judgment in Defendants' favor—especially considering the record already developed over a year of litigation. Additionally, by declining to rule on a ripe dispositive motion and ordering a second indefinite expansion of the discovery period, the Court's November 21, 2022 Order prejudices Defendants by creating a scenario where this litigation has no end in sight. Because the Court's November 21, 2022 Order does not serve the purpose behind Fed. R. Civ. P. 56(d), i.e., to counteract "lightning-quick summary judgment motions," but rather rewards Hollis's inaction, Defendants respectfully request that the Court vacate that Order and rule on Defendants' fully-briefed Motion for Summary Judgment on the merits. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 774 (9th Cir. 2003).

## IV. CONCLUSION

For the reasons above, Defendants respectfully request that the Court vacate its November 21, 2022 Order and rule on Defendants' fully-briefed Motion for Summary Judgment on the merits.

Page 9 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

| | |
|---|---|
| Dated: December 5, 2022 | LITTLER MENDELSON, P.C. |

/s/ *Joseph Q. Ridgeway*
Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Joseph Q. Ridgeway, OSB No. 213011
jridgeway@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com

Attorneys for Defendants

Page 10 – DEFENDANTS' OBJECTIONS TO ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 81)

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309