IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZOE HOLLIS** individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**R & R RESTAURANTS, INC dba SASSY'S**, an Oregon corporation; **STACY MAYHOOD**, an individual; **IAN HANNIGAN**, an individual; **FRANK FAILLACE**, an individual; and **DOES 2 through 10**, inclusive,<br><br>Defendants. | Case No. 3:21-cv-965-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued an Order in this case on November 21, 2022. Judge You ordered that Defendants' motion for summary judgment would be held in abeyance until Plaintiff could conduct additional discovery. This is a nondispositive order.

Rule 72 of the Federal Rules of Civil Procedure allows a magistrate judge to "hear and decide" all referred pretrial matters that are "not dispositive of a party's claim or defense." Fed. R. Civ. P. 72(a). For dispositive matters when the parties have not consented to the magistrate

PAGE 1 – ORDER

judge's jurisdiction, Rule 72 allows the magistrate judge only to "enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1). When a party timely objects to a magistrate judge's findings and recommendations concerning a dispositive motion, the district judge must make a de novo determination of those portions of the magistrate judge's proposed findings and recommendations to which an objection has been made. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

When a party timely objects to a magistrate judge's determination of a *nondispositive* matter, however, the district judge may reject that determination *only* when the magistrate judge's order is either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). This means the Court will review the magistrate judge's factual findings for clear error and legal conclusions de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) ("Under 28 U.S.C. § 636(b)(1)(A), a district court may reconsider a magistrate judge's decision on a non-dispositive, non-excepted, pending pretrial matter only if it is clearly erroneous or contrary to law. This standard requires the District Court to review findings of fact for clear error and to review matters of law de novo." (cleaned up)); *Equal Emp. Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (same).

"[R]eview under the clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). "And an order is contrary to the law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig*, 940 F.3d at 219 (cleaned

up); *Perez v. City of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021); *Calderon v. Experian Info. Sols., Inc.*, 290 F.R.D. 508, 511 (D. Idaho 2013).

Plaintiff contends that additional discovery, primarily taking the depositions of agents and employees of R&R Restaurants, Inc., including the named defendants, is necessary for Plaintiff to defend against Defendants' motion for summary judgment. Judge You agreed and deferred ruling on the motion until after the close of fact discovery. Defendants object that Plaintiff has not been sufficiently diligent and offers nothing but "pure speculation" that the requested depositions, including those of the named defendants, would offer any evidence to help Plaintiffs defend against Defendants' motion for summary judgment. The Court has considered Defendants' objections and finds that Judge You did not err in granting Plaintiff's motion under Rule 56(d) of the Federal Rules of Civil Procedure.

The Court OVERRULES Defendants' objections (ECF 84) and AFFIRMS Judge You's nondispositive Order (ECF 81). Defendants' motion for summary judgment is deferred until after Plaintiff takes the requested depositions. These depositions shall take place by March 6, 2023. Plaintiff may then file a surresponse to the motion for summary judgment by March 20, 2023. Defendants may file a surreply by April 6, 2023.

**IT IS SO ORDERED.**

DATED this 3rd day of January, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge