UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

ZOE HOLLIS, individually and on behalf of
all others similarly situated,

               Plaintiff,                         Case No. 3:21-cv-00965-YY

      v.                                   FINDINGS AND
                                           RECOMMENDATIONS

R & R RESTAURANTS, INC dba SASSY'S,
an Oregon corporation; STACY MAYHOOD,
an individual; IAN HANNIGAN, an individual;
FRANK FAILLACE, an individual; and DOES 2
through 10, inclusive,

               Defendants.

YOU, Magistrate Judge.

## FINDINGS

       Plaintiffs in this collective action allege that defendants violated the Fair Labor Standards

Act ("FLSA") by misclassifying performers who worked at defendants' adult entertainment club

as "independent contractors" when they should have been treated as employees and paid at least

minimum wage. First Am. Compl ¶ 1, ECF 16. Currently pending is defendants' motion to

dismiss plaintiffs Rahel Patterson and Takyla Harris for lack of subject matter jurisdiction. ECF

67. The thrust of defendants' argument is that they have not found any evidence in their own

records that Patterson or Harris ever performed at the club. Mot. Dismiss 2–5, ECF 67.

Defendants assert that because Patterson and Harris did not work at the club, they cannot establish Article III standing and, by extension, subject matter jurisdiction. *Id.* at 6–7.

Neither party cites to controlling Ninth Circuit case law that is directly on point and that conclusively establishes a plaintiff's employment status under the FLSA is a "merits-based determination, not an antecedent jurisdictional issue." *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 (9th Cir. 2019). The district court in *Tijerino*, an FLSA case also involving performers at an adult entertainment club, dismissed the plaintiffs' claim for lack of subject matter jurisdiction, reasoning that "employee status under the FLSA is an antecedent jurisdictional issue, and that plaintiffs had not come forward with any evidence from which the Court could find a reasonable indicia of employment" at the defendants' club. *Id.* The Ninth Circuit reversed, holding that the "FLSA's employment status provision . . . should be construed as nonjurisdictional." *Id.* at 975. "The term 'employee' in the FLSA," the panel wrote, "serves to identify those plaintiffs who may be entitled to relief, not to limit the authority of federal courts to adjudicate claims under the FLSA." *Id.* (internal quotation marks omitted).

Having determined that the plaintiff's employment status was non-jurisdictional, the Ninth Circuit then analyzed whether the complaints "allege[d] a substantial issue of federal law that is sufficient to invoke subject-matter jurisdiction." *Id.* "A complaint for relief properly invokes federal jurisdiction where its well-pleaded allegations establish 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27–28 (1983)). "There is no federal question jurisdiction where the federal claim asserted is too insubstantial, defined as so patently without merit that the claim requires no meaningful consideration." *Id.* (internal citation and

quotation marks omitted). The plaintiffs' complaints "allege[d] numerous facts supporting their claims that the Club owes them wages because they are employees under the FLSA," and thus were not "wholly insubstantial and frivolous" and were "not so patently without merit as to warrant dismissal for lack of subject-matter jurisdiction." *Id.* at 975–76 (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 n.10 (2006)) (internal quotation marks omitted).

The same is true here. The operative complaint facially alleges substantial issues of federal law, including whether plaintiffs can collectively recover damages under the FLSA for defendants' failure to pay them the required minimum wage, and contains numerous factual allegations supporting the claim that defendants owe them wages because they were employees under the FLSA. First Am. Compl. ¶¶ 29–80, ECF 16; *see also Tejerino*, 934 F.3d at 975. The complaint properly invokes federal subject matter jurisdiction because its "well-pleaded allegations establish 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.' " *Id.* at 975 (quoting *Franchise Tax Bd.*, 463 U.S. at 27–28).

## RECOMMENDATIONS

Defendants' motion to dismiss for lack of subject-matter jurisdiction (ECF 67) should be denied because plaintiffs' employment status under the FLSA is a merits-based determination, not an antecedent jurisdictional issue.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge.  Objections, if any, are due Friday, February 24, 2023.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

These Findings and Recommendations are not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED February 10, 2023.


_____/s/ Youlee Yim You_____
Youlee Yim You
United States Magistrate Judge