Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Telephone:    503.221.0309
Fax No.:        503.242.2457

Attorneys for Defendants/Counterclaimants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| ZOE HOLLIS, individually and on behalf of all others similarly situated**,**<br><br>                    Plaintiff,<br><br>        vs.<br><br>R & R RESTAURANTS, INC dba SASSY'S, an Oregon corporation, STACY MAYHOOD, an individual; IAN HANNIGAN, an individual; FRANK FAILLACE, an individual; and DOES 2 through 10, inclusive**,**<br><br>                    Defendants. | Case No. 3:21-cv-00965-YY<br><br>DEFENDANTS/COUNTERCLAIMANTS' FIRST AMENDED ANSWER AND COUNTERCLAIMS |

Defendants/Counterclaimants R & R Restaurants, Inc. d/b/a Sassy's ("Sassy's"), Stacy Mayhood ("Mayhood"), Ian Hannigan ("Hannigan"), and Frank Faillace ("Faillace") (collectively, "Defendants/Counterclaimants"), submit the following First Amended Answer and Counterclaims in response to Plaintiff/Counterclaim-Defendant's First Amended Complaint for Damages:

Page 1- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

1.

The allegations in paragraph 1 are legal conclusions, which require no response.

2.

Defendants/Counterclaimants admit that Plaintiff/Counterclaim-Defendant contracted with and occasionally performed at Sassy's, located at 927 SE Morrison Street, Portland, Oregon 97214 in 2018 and 2019. Except as admitted, Defendants/Counterclaimants deny the allegations in paragraphs 2 and 3.

3.

Plaintiff/Counterclaim-Defendant's contract work as a performing artist is not within the scope of the laws cited in paragraphs 4, 5, 6, or 7 and on that basis, Defendants/Counterclaimants deny the same.

4.

Defendants/Counterclaimants admit that Plaintiff/Counterclaim-Defendant was an individual adult resident of the State of Oregon and that they worked as an independent contractor when performing occasionally at Sassy's. The remaining allegations contained in paragraph 8 are legal conclusions, which require no response.

5.

Defendants/Counterclaimants admit that Sassy's is located at 927 SE Morrison Street, Portland, Oregon, 97214. The remaining allegations contained in paragraph 9 are legal conclusions, which require no response.

6.

The allegations contained in paragraph 10 are legal conclusions, which require no response.

Page 2- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

7.

Defendants/Counterclaimants admit that Mayhood assists with managing the bar and facilities at Sassy's and has an ownership interest in the same. Mayhood's job duties are consistent with those of any manager of a live entertainment venue. Neither Mayhood, nor any other Defendant/Counterclaimant or agent of any other Defendant/Counterclaimant, controlled the manner or means of Plaintiff/Counterclaim-Defendant, or any other performers' contract work. Except as expressly admitted, Defendants/Counterclaimants deny the allegations in paragraphs 11 and 12.

8.

Defendants/Counterclaimants admit that Hannigan assists with managing the bar and facilities at Sassy's and has an ownership interest in the same. Hannigan's job duties are consistent with those of any manager of a live entertainment venue. Neither Hannigan, nor any other Defendant/Counterclaimant or agent of any other Defendant/Counterclaimant, controlled the manner or means of Plaintiff/Counterclaim-Defendant, or any other performers' contract work. Except as expressly admitted, Defendants/Counterclaimants deny the allegations in paragraphs 13 and 14.

9.

Defendants/Counterclaimants admit that Faillace assists with managing the bar and facilities at Sassy's and has an ownership interest in the same. Faillace's job duties are consistent with those of any manager of a live entertainment venue. Neither Faillace, nor any other Defendant/Counterclaimant or agent of any other Defendant/Counterclaimant, controlled the

Page 3- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

manner or means of Plaintiff/Counterclaim-Defendant, or any other performers' contract work. Except as expressly admitted, Defendants/Counterclaimants deny the allegations in paragraphs 15 and 16.

10.

To the extent that the allegation against "DOES 2-10" in paragraphs 17 and 18 is legally permissible, then Defendants/Counterclaimants deny any allegations of unspecified improper conduct by unidentified Defendants/Counterclaimants.

11.

The allegations in paragraphs 19 and 20 are legal conclusions, which require no response.

12.

Defendants/Counterclaimants admit that during the relevant time period, all performers at Sassy's worked as independent contractors pursuant to express arm's-length agreements negotiated between each relevant party regarding the same. Defendants/Counterclaimants deny any factual allegations, and do not respond to legal conclusions, in paragraphs 21, 22, 23, 24, and 25.

13.

Defendants/Counterclaimants admit the allegations in paragraphs 26, 27, 28, and 29.

14.

The allegation in paragraph 30 is a legal conclusion, which requires no response.

15.

Defendants/Counterclaimants admit that during the relevant time period, all performers at Sassy's worked as independent contractors pursuant to express arm's-length agreements

Page 4- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

negotiated between each party regarding the same.    Except as expressly admitted, Defendants/Counterclaimants deny any other factual allegations, and do not respond to legal conclusions, in paragraph 31.

16.

Defendants/Counterclaimants deny the allegations in paragraph 32.

17.

As to paragraph 33, Defendants/Counterclaimants admit that during the relevant time period, Plaintiff/Counterclaim-Defendant occasionally performed at Sassy's.

18.

Plaintiff/Counterclaim-Defendant's work duties are outlined in their Independent Contractor Agreement, attached hereto as **Exhibit 1**, the terms of which speak for themselves. Plaintiff/Counterclaim-Defendant's performances at Sassy's were occasional and infrequent. Except as expressly admitted, Defendants/Counterclaimants deny the remaining allegations and subjective abstract descriptions of Plaintiff/Counterclaim-Defendant's work in paragraphs 34, 35, 36, and 37.

19.

Defendants/Counterclaimants did not exercise control over the manner or means of its independent contractors' work, including Plaintiff/Counterclaim-Defendant's work, and therefore deny all contrary allegations in paragraphs 38, 39, 40, 41, 42, 43, 44, and 45.

///

///

///

Page 5- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

20.

As to the allegations in paragraph 46, Plaintiff/Counterclaim-Defendant's compensation was set pursuant to their Independent Contractor Agreement, attached hereto as **Exhibit 1**, the terms of which speak for themselves.

21.

Defendants/Counterclaimants deny the allegations in paragraph 47.

22.

Defendants/Counterclaimants deny any factual allegations, and do not respond to the legal conclusions, in paragraph 48.

23.

Defendants/Counterclaimants deny the allegation in paragraph 49.

24.

Defendants/Counterclaimants admit they assumed all the reasonable and necessary aspects of operating a live entertainment venue featuring live performances from artists, including advertising, maintenance, infrastructure, and ensuring a safe and secure experience for its performers and customers.  Except as admitted, Defendants/Counterclaimants deny the allegations in paragraphs 50, 51, and 52.

25.

Defendants/Counterclaimants deny the allegation in paragraph 53.

///

///

///

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

26.

With respect to the allegations in paragraphs 54 and 55, Defendants/Counterclaimants admit that Sassy's is a live entertainment venue.  Other abstract and subjective characterizations of Defendants/Counterclaimants' business model are matters of opinion that can neither be admitted nor denied.

27.

With respect to paragraph 56, Defendants/Counterclaimants admit that, as is consistent with other live performance venues, performers are not always required to have managerial skills.

28.

Defendants/Counterclaimants deny the allegations in paragraphs 57, 58, 59, and 60.

29.

Defendants/Counterclaimants deny any obligation to pay Plaintiff/Counterclaim-Defendant except as agreed to in the Independent Contractor Agreement, attached hereto as **Exhibit 1**.  Defendants/Counterclaimants deny, or are without sufficient knowledge to answer, the remaining allegations in paragraph 61.

30.

Each performer at Sassy's has an individual independent contract agreement, and the terms of their contract work were governed by each individual independent contractor agreement. Sassy's did not control the means or methods of how the performers completed their work.  Except as expressly admitted, Defendants/Counterclaimants deny the allegations, and do not respond to the legal conclusions, in paragraphs 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, and 79.

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

31.

Defendants/Counterclaimants admit they informed Plaintiff/Counterclaim-Defendant they could no longer perform at Dante's on or around July 19, 2021.  Defendants/Counterclaimants deny the remaining factual allegations, and do not respond to the legal conclusions, in Paragraph 80.

32.

Each performer at Sassy's has an individual independent contract agreement, and the terms of their contract work were governed by each individual independent contractor agreement. Sassy's did not control the means or methods of how the performers completed their work.  Except as expressly admitted, Defendants/Counterclaimants deny the allegations, and do not respond to the legal conclusions, in paragraphs 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 130, and 131.

33.

No response of Defendants/Counterclaimants is required to paragraph 132.

34.

Defendants/Counterclaimants admit they informed Plaintiff/Counterclaim-Defendant they could no longer perform at Dante's on or around July 19, 2021.  Defendants/Counterclaimants deny the remaining factual allegations in paragraph 133.

35.

Defendants/Counterclaimants deny the factual allegations, and do not respond to the legal conclusions, in paragraphs 134, 135, and 136.

Page 8- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

36.

No response of Defendants/Counterclaimants is required to paragraph 137.

37.

Defendants/Counterclaimants admit they informed Plaintiff/Counterclaim-Defendant they could no longer perform at Dante's on or around July 19, 2021.  Defendants/Counterclaimants deny the remaining factual allegations in paragraph 138.

38.

Defendants/Counterclaimants deny the factual allegations, and do not respond to the legal conclusions, in paragraphs 139, 140, 141, 142, and 143.

39.

No response of Defendants/Counterclaimants is required to paragraph 144.

40.

Defendants/Counterclaimants admit they informed Plaintiff/Counterclaim-Defendant they could no longer perform at Dante's on or around July 19, 2021.  Defendants/Counterclaimants deny the remaining factual allegations in paragraph 145.

41.

Defendants/Counterclaimants deny the factual allegations, and do not respond to the legal conclusions, in paragraphs 146, 147, 148, 149, and 150.

42.

Except as expressly admitted, Defendants/Counterclaimants deny the remainder of Plaintiff/Counterclaim-Defendant's First Amended Complaint in whole thereof.  By way of further answer to Plaintiff/Counterclaim-Defendant's First Amended Complaint, but without assuming

Page 9- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

Plaintiff/Counterclaim-Defendant's burden of proof, Defendants/Counterclaimants offer the following affirmative and additional defenses and counterclaims.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

43.

Plaintiff/Counterclaim-Defendant and the FLSA Collective Members fail to state a claim for which relief can be granted against Defendants/Counterclaimants.

## SECOND AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

44.

Plaintiff/Counterclaim-Defendant's claims are barred by the doctrine of equitable estoppel because Plaintiff/Counterclaim-Defendant represented that they were an independent contractor by entering into the Independent Contractor Agreement (*see* **Exhibit 1**) with the intent to initiate a civil action under the Fair Labor Standards Act for damages and penalties due to allegedly being misclassified as an independent contractor. Defendants/Counterclaimants were ignorant of Plaintiff/Counterclaim-Defendant's true intention, were induced into entering into the Independent Contractor Agreement with Plaintiff/Counterclaim-Defendant, and reasonably relied on the Independent Contractor Agreement in all commercial dealings with Plaintiff/Counterclaim-Defendant.

///

///

///

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

## THIRD AFFIRMATIVE DEFENSE

### (Unclean Hands/Bad Faith)

45.

Plaintiff/Counterclaim-Defendant's claims and damages are barred or limited due to their unclean hands in agreeing to enter into an Independent Contractor Agreement only to initiate this civil action thereafter in an attempt to obtain damages and penalties based on their claim that they were actually an employee, not an independent contractor as they agreed to in writing.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith/Legitimate Business Interests)

46.

Defendants/Counterclaimants' actions, with respect to the allegations contained in Plaintiff/Counterclaim-Defendant's First Amended Complaint, were undertaken in good faith and justified by legitimate business motives, purposes, and reasons with the absence of intent to injure Plaintiff/Counterclaim-Defendant or the FLSA Collective Members, and constituted lawful, proper, and justified activities.

## FIFTH AFFIRMATIVE DEFENSE

### (Plaintiff/Counterclaim-Defendant's Own Conduct)

47.

Plaintiff/Counterclaim-Defendant's own deliberate, willful, and/or negligent actions proximately caused or contributed to some or all of the wage omissions alleged, as they voluntarily entered into the Independent Contractor Agreement (see **Exhibit 1**) on their own accord. To the

Page 11- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

extent, if any, that Plaintiff/Counterclaim-Defendant suffered damages, Plaintiff/Counterclaim-Defendant's own actions proximately caused such damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Breach of Contract)

48.

Plaintiff/Counterclaim-Defendant entered into the Independent Contract Agreement with Defendants/Counterclaimants, the recitals of which provide in part that Plaintiff/Counterclaim-Defendant "is an independent contractor with respect to [Sassy's] and is not an employee of [Sassy's]." *See* **Exhibit 1** at 1.

49.

Plaintiff/Counterclaim-Defendant also agreed to Section 4 of the Independent Contract Agreement, which provides that Plaintiff/Counterclaim-Defendant "understands that [ ][they] will receive no compensation from [Sassy's], but may retain any tips gained as a direct result of [ ][their] performance. [Plaintiff/Counterclaim-Defendant] understands that employment benefits are not provided under the terms of this Agreement and that all costs for health care insurance, worker's compensation insurance, and pension benefits will be [the] responsibility of [Plaintiff/Counterclaim-Defendant. Sassy's] shall have no responsibility for paying payroll taxes of any kind, nor of withholding any taxes for any payment or tips earned by [Plaintiff/Counterclaim-Defendant]." *See* **Exhibit 1** at 2.

50.

By entering into the Independent Contractor Agreement (see **Exhibit 1**), working as an independent contractor for Defendants/Counterclaimants, retaining the tips they earned while

Page 12- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

working as an independent contractor for Defendants/Counterclaimants, and subsequently bringing this civil action for damages and penalties under the guise that they were an employee of Defendants/Counterclaimants and not an independent contractor, Plaintiff/Counterclaim-Defendant breached the Independent Contractor Agreement.

## SEVENTH AFFIRMATIVE DEFENSE

### (Independent Contractor Status)

51.

Plaintiff/Counterclaim-Defendant's First Amended Complaint and each claim for relief therein are barred because neither Plaintiff/Counterclaim-Defendant nor the FLSA Collective Members were employees of Defendants/Counterclaimants, but rather, were independent contractors at all times relevant to this action.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

52.

Plaintiff/Counterclaim-Defendant is barred by the doctrine of laches from pursuing any of the remedies sought in their First Amended Complaint because Plaintiff/Counterclaim-Defendant, having notice of the facts constituting the basis of the alleged causes of action, nevertheless delayed institution of this lawsuit, and such delay has worked to the disadvantage and prejudice of Defendants/Counterclaimants.

///

///

///

Page 13- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

53.

Plaintiff/Counterclaim-Defendant and the FLSA Collective Members lack standing as independent contractors and as willful deliberate participants to the contracts which they signed to bring the claims asserted in this action against Defendants/Counterclaimants.

## TENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

54.

The claims of Plaintiff/Counterclaim-Defendant and the FLSA Collective Members are barred by the applicable statutes of limitation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Intentional / Negligent Spoliation)

55.

Plaintiff/Counterclaim-Defendant negligently or deliberately failed to keep records that would have definitively demonstrated that they worked only on an occasional basis and was not subject to any improper tip appropriation.  Plaintiff/Counterclaim-Defendant further did not keep proper tax records of alleged earnings that would account for their alleged hours worked.  Finally, Plaintiff/Counterclaim-Defendant is the only person that would know how much, or when, they tipped other workers at Sassy's and they either kept no such record, or did not adequately preserve that record.

///

Page 14- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

## TWELFTH AFFIRMATIVE DEFENSE

### (Waiver)

56.

By Plaintiff/Counterclaim-Defendant's own acts and conduct by signing the Independent Contractor Agreement (see **Exhibit 1**), supporting their role as an independent contractor and continuing to work and perform as an independent contractor after filing this lawsuit, they have waived the rights asserted in the First Amended Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Offset)

57.

The damages allegedly sustained by Plaintiff/Counterclaim-Defendant and/or the FLSA Collective Members must be offset in whole or in part by amounts already collected by Plaintiff/Counterclaim-Defendants and/or the FLSA Collective Members and/or owing to, and damages suffered by, Defendants/Counterclaimants.

## DEFENDANTS/COUNTERCLAIMANTS COUNTERCLAIMS AGAINST PLAINTIFF/COUNTERCLAIM-DEFENDANT

### I. PARTIES

58.

Defendant/Counterclaimant Sassy's is organized and headquartered in Oregon.

59.

Defendants/Counterclaimants Mayhood, Hannigan, and Faillace are all individuals residing in Multnomah County, Oregon.

///

Page 15- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

60.

Plaintiff/Counterclaim-Defendant is an individual residing in the State of Oregon.

## II. FACTUAL ALLEGATIONS

61.

Plaintiff/Counterclaim-Defendant auditioned to perform at Sassy's in 2017. Based in part on Plaintiff/Counterclaim-Defendant's skill, they won the opportunity to contract as a performer with Sassy's.

62.

On June 7, 2017, Plaintiff/Counterclaim-Defendant and Sassy's signed the Independent Contractor Agreement (the "Agreement"). *See* **Exhibit 1**.

63.

The Agreement provides that "[Plaintiff/Counterclaim-Defendant] is an independent contractor with respect to [Sassy's] and is not an employee of [Sassy's]." **Exhibit 1** at 1.

64.

The Agreement further provides that "[Plaintiff/Counterclaim-Defendant] understands that [they] will receive no compensation from [Sassy's], but may retain any tips gained as a direct result of [their] performance. . . . [Sassy's] shall have no responsibility for paying payroll taxes of any kind, nor of withholding any taxes for any payment or tips earned by [Plaintiff/Counterclaim-Defendant]." **Exhibit 1** at 2.

65.

The Agreement further provides that "[Sassy's] shall have no right to control the manner and means of performance by [Plaintiff/Counterclaim-Defendant]," "[Plaintiff/Counterclaim-

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

Defendant] shall schedule performances through an agent or other third party," and "[w]hen performing, [Plaintiff/Counterclaim-Defendant] has control over the conduct of [their] performance, subject to applicable laws and regulations." **Exhibit 1** at 1-2.

66.

Plaintiff/Counterclaim-Defendant enjoyed numerous benefits due to their independent contractor status with Sassy's, including but not limited to substantial income, freedom to choose hours, ability to drink on the job, creative control over performances, liberty to choose whether and to whom to provide private dances, the privilege of setting rates for private dances, keeping all proceeds from private dances, and lack of restrictions regarding performing at other venues.

67.

Plaintiff/Counterclaim-Defendant's first performance at Sassy's relevant to Plaintiff/Counterclaim-Defendant's First Amended Complaint for Damages was on June 29, 2018.

68.

Plaintiff/Counterclaim-Defendant's last performance with Sassy's was on March 3, 2019.

69.

On June 28, 2021, Plaintiff/Counterclaim-Defendant filed this action, alleging Defendants/Counterclaimants violated the Fair Labor Standards Act by failing to pay Plaintiff/Counterclaim-Defendant minimum wages, taking illegal kickbacks, unlawfully taking Plaintiff/Counterclaim-Defendant's tips, and forcing Plaintiff/Counterclaim-Defendant to share their tips.

///

///

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

70.

On April 15, 2022, Defendants/Counterclaimants deposed Plaintiff/Counterclaim-Defendant Hollis. On April 26, 2022, Defendants/Counterclaimants received a copy of Plaintiff/Counterclaim-Defendant Hollis' deposition transcript.

### III. COUNTERCLAIMS
### COUNTERCLAIM: FIRST CAUSE OF ACTION

(Breach of Contract)

71.

Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members and Defendants/Counterclaimants entered into contractual relationships under which Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members agreed to provide entertainment services solely as independent contractors (the "Agreements").

72.

In consideration for the promises made by Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members under the Agreements, Defendants/Counterclaimants agreed to permit them to perform at Sassy's, to charge customers fees, and to accept from customers gratuities in exchange for providing entertainment.

73.

Defendants/Counterclaimants, at all times and in good faith, provided Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members with the benefits and opportunities that together comprised the consideration for the contractual relationship which existed between them, and Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members achieved and retained the benefits of their bargain with Defendants/Counterclaimants,

Page 18- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

including, but not limited to, substantial income, freedom to choose hours, ability to drink on the job, creative control over performances, liberty to choose whether and with whom to provide private dances, the privilege of setting rates for private dances, keeping all proceeds from private dances, and lack of restrictions on dancing at other venues.

74.

By claiming, retroactively, that they were employees and not properly compensated for the services which they promised to render as independent contractors under the terms of their Agreements, Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members have breached their Agreements with Defendants/Counterclaimants. Having received the benefits of the Agreements, Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members now seek an unjustified windfall at Defendants/Counterclaimants' expense.

75.

As a direct and proximate result of this breach, Defendants/Counterclaimants have suffered substantial and significant actual and consequential damages.

**COUNTERCLAIM: SECOND CAUSE OF ACTION**

(Unjust Enrichment)

76.

At all times relevant hereto, Defendants/Counterclaimants have provided to Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members the benefits and advantages of providing services as independent contractors, and Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members have enjoyed and are aware of those benefits, including the freedom, flexibility, and tax advantages of such a relationship, and

Page 19- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

additional benefits, including but not limited to, substantial income, freedom to choose hours, ability to drink on the job, creative control over performances, liberty to choose whether and with whom to provide private dances, the privilege of setting rates for private dances, keeping all proceeds from private dances, and lack of restrictions on dancing at other venues.

77.

By treating Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members as independent contractors pursuant to the Agreements, Defendants/Counterclaimants have failed to obtain and collect the revenues, including minimum private or semi-private performance fees, generated by Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members.

78.

Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members were aware of the benefits they received (see paragraph 66 for a description of the benefits) by electing to work as independent contractors rather than as employees.

79.

Defendants/Counterclaimants, to their detriment, reasonably and in good faith relied on the representations and the promises of Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members pursuant to the Agreements.

80.

Defendants/Counterclaimants so relied in structuring their business relationships, in forming and executing their business plan, and in planning for, preparing, and paying their taxes, in making withholdings, and in ensuring compliance with other applicable laws.

Page 20- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

81.

Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members knowingly and purposefully induced Defendants/Counterclaimants to rely upon their promises in this regard, with the intention that they so rely.

82.

Should Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members prevail in their First, Second, Third, and Fourth Causes of Action, they will be substantially and unjustly enriched at the expense of Defendants/Counterclaimants, who will be substantially and unjustly harmed by them.

83.

Specifically, Plaintiff/Counterclaim-Defendant testified that they earned between $80 to $400 a night while dancing on stage and up to $520 a night in separate private dance fees. Given Plaintiff/Counterclaim-Defendant's schedule with Defendants/Counterclaimants, Plaintiff/Counterclaim-Defendant most likely earned between $70,000 to $100,000 for their performances with Defendants/Counterclaimants.

84.

Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members should not be awarded an unjust windfall. Should Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members prevail on their First, Second, Third, and/or Fourth Causes of Action, Defendants/Counterclaimants will be entitled to restitution, including but not limited to, a return of all private or semi-private performance fees, or set offs against any award of wages, overtime payments, monetary benefits, or other amounts to which Plaintiff/Counterclaim-Defendant may

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

be found to be entitled to, and/or of those fees received by Plaintiff/Counterclaim-Defendant and/or the putative FLSA Collective Members but not remitted to Defendants/Counterclaimants, in an amount to be proven at trial.

<u>**REQUEST FOR ATTORNEYS' FEES AND COSTS**</u>

85.

Defendants/Counterclaimants intend to seek recovery of its reasonable attorneys' fees pursuant to Section 11 of the Independent Contractor Agreement. *See* **Exhibit 1** at 3.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, having fully answered Plaintiff/Counterclaim-Defendant's First Amended Complaint with its Answer and Affirmative Defenses, Defendants/Counterclaimants pray for judgment in their favor as follows:

A.      That the Court dismiss the First Amended Complaint in its entirety with prejudice;

B.      That the Court grant Defendants/Counterclaimants their costs and disbursements herein, their reasonable attorneys' fees, and expenses pursuant to Section 11 of the Independent Contractor Agreement; and

C.      That the Court, pursuant to 28 U.S.C. § 1927, require Plaintiff/Counterclaim-Defendant's counsel to satisfy the excess costs, expenses, and fees reasonably incurred because of conduct which unreasonably and vexatiously multiplied proceedings.

AND WHEREFORE DEFENDANTS/COUNTERCLAIMANTS, having fully stated their Claims against the Plaintiff/Counterclaim-Defendants as Counterclaimants, Defendants/Counterclaimants pray for judgment in their favor as follows:

A.      For restitution, including but not limited to, a return of all private or semi-private

Page 22- DEFENDANTS/COUNTERCLAIMANTS' FIRST
AMENDED ANSWER AND COUNTERCLAIMS

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

performance fees, or set offs against any award of wages, overtime payments, monetary benefits, or other amounts to which Plaintiff/Counterclaim-Defendants may be found entitled to in this action, for those fees received by Plaintiff/Counterclaim-Defendants but not remitted to Defendants/Counterclaimants;

A.    For such damages as the Court determines are just and equitable;

B.    For interest;

C.    For reasonable attorney's fees and costs of suit; and

D.    For such other relief as the Court, in the exercise of its discretion, deems just.

Dated:    February 27, 2023             LITTLER MENDELSON, P.C.

/s/ Anthony D. Kuchulis
Anthony D. Kuchulis, OSB No. 083891
akuchulis@littler.com
Sharon Bolesky, OSB No. 062784
sbolesky@littler.com

Attorneys for Defendants

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309