# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZOE HOLLIS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**R & R RESTAURANTS, INC dba SASSY'S**, an Oregon corporation; **STACY MAYHOOD**, an individual; **IAN HANNIGAN**, an individual; **FRANK FAILLACE**, an individual; and **DOES 1 through 10**, inclusive,<br><br>Defendants. | Case No. 3:21-cv-965-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on February 23, 2023. Judge You recommended that this Court deny Defendants' motion to dismiss the claims of Plaintiffs Rahel Patterson and Takyla Harris for lack of standing, and therefore lack of subject matter jurisdiction.

Under the Federal Magistrates Act (Act), the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

Judge You found that *Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968 (9th Cir. 2019), was dispositive of the pending motion. Defendants object that Judge You misconstrued their motion and misapplied *Tijerino*. Plaintiffs Patterson and Harris did not respond to Defendants' objections.

Defendants argue that Plaintiffs Patterson and Harris fail to show that they were employed at any time with Defendants, and thus fail to allege standing under the Fair Labor Standards Act (FLSA) because they cannot show injury in fact. Defendants distinguish *Tijerino*, in which the plaintiffs were disputing whether they were employees or independent contractors. *See id.* at 971. The district court in *Tijerino* had ruled that whether the plaintiffs were employees or independent contractors was an antecedent issue of jurisdiction, declared them to be independent contractors, and dismissed the case with prejudice for lack of subject matter jurisdiction. *Id.* The Ninth Circuit analyzed whether employment status under the FLSA is a "jurisdictional limitation" or an "essential ingredient related to the merits of a claim, [that] should be decided at summary judgment or trial, assuming the complaint sufficiently alleges that plaintiffs are employees." *Id.* at 972. The court held that "the FLSA's employment status provision in § 203(e) and § 216(b) should be construed as nonjurisdictional" because "term 'employee' in the FLSA serves to identify those plaintiffs who may be entitled to relief, not to limit the authority of federal courts to adjudicate claims under the FLSA." *Id.* at 975.

Defendants argue that *Tijerino* does not apply to their claims against Plaintiffs Patterson and Harris because these plaintiffs do not plausibly allege that they are employees. Defendants point out that the Ninth Circuit in *Tijerino* expressly stated that a plaintiff must plausibly allege

that the plaintiff is an employee, *id.* at 972, and specifically discussed that the plaintiffs had

"allege[d] numerous facts supporting their claims that the Club owes them wages because they

are employees under the FLSA." *Id.* at 975. Defendants contend that the regular test for

Article III standing and required injury applies, and that the merits-based inquiry is not triggered

because the employment status of these plaintiffs is not at issue—they have alleged no status

with Defendants because they have not alleged *any* employment relationship. Defendants

searched their records for any evidence of these plaintiffs' employment and found none, and

propounded discovery upon Plaintiffs Patterson and Harris and they provided no evidence, such

as a W-2, W-4, 1040, 1099, or banking records to show employment status. Defendants assert

this lack of evidence is sufficient on which to find a lack of standing and, thus, a lack of subject

matter jurisdiction. *See, e.g.*, *Chavez v. Creative Impact Inc.*, 2021 WL 2474512, at *11 (D. Ariz.

Feb. 12, 2021) ("Plaintiff Hawkins submits no evidence beyond the allegations in the Complaint

establishing any business relationship with, or appearances at, the Club and, therefore, she fails

to meet her burden of establishing Article III standing. . . . Should Plaintiff Hawkins provide

some substantive evidence that she did work for Defendants, i.e., a W-2, a W-4, a 1099 form, or

a 1040 form indicating she has declared income earned at the Club during the relevant time

frame, she may move for reconsideration of the dismissal of her claims."); *De Angelis v. Nat'l*

*Ent. Grp., LLC*, 2018 WL 11316612, at *3 (S.D. Ohio July 25, 2018) (granting Fed. R. Civ. P.

12(b)(1) motion to dismiss and explaining that "it is clear to the Court that if [the exotic dance

performer] did not ever work at [the defendant's club], [the exotic dance performer] could not

meet the first constitutional requirement: she could not show that she suffered an injury in fact");

*Moon v. Breathless, Inc.*, 2015 WL 7720490, at *4 (D.N.J. Nov. 30, 2015) ("Defendant's

submissions have challenged whether Plaintiff Davis ever performed [exotic dances] at

Breathless Men's Club and Plaintiff Davis failed to adequately dispute Defendant's claim. Consequently, this Court must dismiss Plaintiff Davis's FLSA claim for lack of subject-matter jurisdiction.").

The parties did not brief arguments under *Tijerino* before Judge You, and Plaintiffs do not respond to Defendants' argument, even after the Court contacted Plaintiffs' counsel and provided an additional opportunity to respond. Defendants' objection triggers a de novo review on their motion to dismiss. Generally, failure to respond to an argument in a motion to dismiss is a concession to that argument. A plaintiff who "makes a claim" in a complaint "but fails to raise the issue in response to a defendant's motion to dismiss" that claim, "has effectively abandoned [that] claim." *Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006); *see also Maldonado v. City of Ripon*, 2021 WL 2682163, at *8 (E.D. Cal. June 30, 2021) ("Plaintiff does not address Defendants' arguments regarding punitive damages in his opposition to the motion to dismiss and therefore concedes the arguments."); *Kerrigan v. Allstate Ins. Co.*, 543 F. Supp. 3d 843, 845-46 (C.D. Cal. June 10, 2021) ("Plaintiff also did not oppose and, thus, concedes, Defendants' argument that because Allstate Insurance was not a party to the insurance policy at issue in this action it was improperly named and should be dismissed.").

Regardless of any issue of waiver, the Court agrees that even under *Tijerino* Plaintiffs Patterson and Harris fail to allege standing and, thus, subject matter jurisdiction. *Tijerino* acknowledged that employment status is for a jury or summary judgment only "assuming the complaint sufficiently alleges that plaintiffs are employees." 934 F.3d at 972. In a factual motion under Rule 12(b)(1), the sufficiency of the allegations in the complaint is tested with extrinsic evidence. Plaintiffs Patterson and Harris' allegations that they have any employment relationship with Defendants are insufficiently alleged to survive Defendants Rule 12(b)(1) motion. The issue

is not, as it was in *Tijerino*, whether Plaintiffs are employees or independent contractors. The issue is whether they worked in *any* capacity at Sassy's, Defendants' establishment. These Plaintiffs' allegations are insufficient to establish that they were employees for purposes of standing.

The Court declines to adopt the Findings and Recommendation, ECF 90. The Court GRANTS Defendants' Motion to Dismiss plaintiffs Rahel Patterson and Takyla Harris for lack of subject matter jurisdiction, ECF 67. These plaintiffs are dismissed without prejudice.

**IT IS SO ORDERED.**

DATED this 27th day of March, 2023.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge