IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ZOE HOLLIS**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**R & R RESTAURANTS, INC dba SASSY'S**, *et al.*,<br><br>Defendants. | Case No. 3:21-cv-965-YY<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

United States Magistrate Judge Youlee Yim You issued Findings and Recommendation in this case on November 30, 2023. Judge You recommended that this Court grant in part Defendants' motion for summary judgment. Specifically, Judge You recommended granting the motion with respect to Plaintiff's wage-related claims under the Fair Labor Standards Act (FLSA) as time barred and FLSA retaliation claim on the merits, and decline supplemental jurisdiction over Plaintiff's state law retaliation claim and dismiss that claim without prejudice.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C.

§ 636(b)(1). If a party objects to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Rule 72(b) of the Federal Rules of Civil Procedure recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

Plaintiff timely filed an objection. Plaintiff argues that Judge You erroneously concluded that Plaintiff's wage-related claims under the FLSA are time barred and that the Court should grant summary judgment against Plaintiff's claim for FLSA retaliation because Plaintiff is not an "employee" under the statute. Plaintiff, however, merely rehashes her arguments presented before Judge You. Objections that merely restate previously presented arguments, however, are improper. *See, e.g.*, *El Papel LLC v. Inslee*, 2021 WL 71678, at *2 (W.D. Wash. Jan. 8, 2021) ("Because the Court finds that nearly all objections are merely a rehash of arguments already raised and decided upon by the Magistrate Judge, the Court will not address each objection

here."); *Eagleman v. Shinn*, 2019 WL 7019414, at *4 (D. Ariz. Dec. 20, 2019) ("[O]bjections that merely repeat or rehash claims asserted in the Petition, which the magistrate judge has already addressed in the [Report and Recommendation], are not sufficient under Fed. R. Civ. P. 72."); *Shiplet v. Veneman*, 620 F. Supp. 2d 1203, 1206 n.2 (D. Mont. 2009), *aff'd*, 383 F. App'x 667 (9th Cir. 2010) (explaining that objections that merely rehash arguments presented to the magistrate judge are improper); *see also* Fed. R. Civ. P. 72(b)(3) (directing the court to "determine de novo any part of the magistrate judge's disposition that has been *properly* objected to" (emphasis added)). Considering the Findings and Recommendation as without objection, the Court finds no clear error.

Even if Plaintiff's objections were properly lodged, upon de novo review, the Court agrees with and adopts Judge You's Findings and Recommendation. As Judge You explained, Plaintiff failed to offer evidence of willfulness to expand the statute of limitations applicable to Plaintiff's wage-related claims under the FLSA. Plaintiff previously stated that discovery was required to do so, but failed to take that discovery after the Court provided additional time. Plaintiff also failed to challenge Defendants' discovery responses as insufficient. Plaintiff's reliance on Defendants' purportedly incomplete discovery responses to raise an issue of fact thus fails, nor do those discovery responses show willfulness on their face.

For her FLSA retaliation claim, Plaintiff states in a conclusory fashion that there are issues of fact that she was an employee of Dante's, but fails to cite evidence showing such an issue of fact. Plaintiff then focuses on arguing that an *employer* need not be the *person* who engaged in the retaliation, but Judge You's decision turned on whether Plaintiff was an *employee*. Plaintiff fails to raise an issue of fact that she was an employee of Dante's.

The Court ADOPTS Judge You's Findings and Recommendation, ECF 118. The Court GRANTS IN PART Defendants' Motion for Summary Judgment (ECF 42) and Renewed Motion for Summary Judgment (ECF 98). The Court grants summary judgment against Plaintiff's wage-related and retaliation claims under the FLSA. The Court declines supplemental jurisdiction over Plaintiff's state law retaliation claim and dismisses that claim without prejudice.

**IT IS SO ORDERED.**

DATED this 26th day of March, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge